## CAMP v. McGILLICUDDY, *et al.*

1. PARTIES: MULTIPLICITY OF SUITS   A court of equity may require that a person, whose rights may not be directly affected by a decree in accordance with the prayer of the bill, be made a party where it is necessary to avoid a multiplicity of suits.

*Appeal from Johnson District Court.*

TUESDAY, DECEMBER 20.

IN CHANCERY.   The bill charges that in 1850, one Moore purchased of the United States, among other lands, the E. ½ of the S. W. ¼ of N. E. ¼ of Sec. 23, Town. 80, Range 8; that in 1854 he sold and conveyed this tract, with others, to the respondent Douglass; that in 1855, Douglass sold and

conveyed the same to petitioner, that the grantees in each case took actual possession of the premises, of all which the defendant McGillicuddy had notice. It is further stated, that after this, Moore, by mistake, conveyed the same land to McGillicuddy, who supposed he was receiving a deed for another and different tract; that for the purpose of defrauding complainant he had his deed recorded prior to that made by Moore to Douglass, whereby a cloud has been cast upon the complainant's title; that McGillicuddy sets up and pretends to have title to said land, and refuses to make any arrangement, &c. The prayer is that the deed to McGillicuddy may be set aside, and for general relief. To the bill there was a demurrer, upon the ground that Moore was not made a party. This was sustained, and complainant appeals.

*Templin & Fairall* for the appellants.

*Clark & Brother* for the appellee.

WRIGHT, C. J.—We see no error in this ruling. There are cases in which it is proper and necessary to make a person defendant to a proceeding in equity, upon the ground of avoiding a multiplicity of suits. His rights may not be directly affected by the decree, but it may occur that if the complainant succeeds, the respondent will thereby acquire a right to call upon the party omitted or not joined, either to reimburse him, or reinstate him in the position lost by the complainant's success. And if so, the person consequentially liable to be thus affected, should be before the court that his liability may be adjudicated by one proceeding. 1 Danl. Ch. 329; Story's Eq. Pl. section 173; *Niser* v. *Blackley*, 1 John. Ch. 437.

Applying this rule, we think it was proper to direct Moore to be made a party. If complainant succeeds, Moore will be liable to McGillicuddy, either upon the covenants of his deed or to correct the mistake, by conveying to him the proper tract of land. So if there was no mistake upon a proper

bill, he might be liable to complainant, or his immediate grantee, Douglass.

Order sustaining the demurrer affirmed.