[No. 14567. Department One. — May 25, 1892.]

MARY F. BYRNE ET AL., RESPONDENTS, v. MARY F. BYRNE, ADMINISTRATRIX, ETC., RESPONDENT, B. McGRATH, INTERVENER AND APPELLANT, AND LANGLEY & MICHAELS, INTERVENERS.

ACTION — PARTIES — SUIT AGAINST ONE'S SELF — DIFFERENT CAPACITIES. — No one can be both plaintiff and defendant in the same action. A party cannot have a right of action against himself as debtor or tort-feasor, nor contract with himself, nor maintain an action against himself, in whatever different capacities he may act.

ID. — DISQUALIFICATION OF ADMINISTRATRIX — PARTIES — HEIRS AND CREDITORS. — An administratrix is disqualified to represent the interests of the heirs and creditors in an action in which she is plaintiff or co-plaintiff adverse to the interests of the estate; and it is necessary for her, in prosecuting such action, to make all creditors of the estate, as well as all heirs, parties to the action.

ID. — REMOVAL OF INABILITY — JOINDER OF PARTIES — SUING FOR BENEFIT OF COMMON INTEREST. — The inability of the administratrix to appear as one of a number of parties plaintiff, and also as a party defendant, by reason of the antagonism of her interests in the two capacities, can be obviated by complying with section 382 of the Code of Civil Procedure, regulating the joinder of parties in interest, and the suing or defending of one or more for the benefit of all.

APPEAL from a judgment of the Superior Court of Nevada County.

The facts are stated in the opinion.

*A. J. Ridge,* for Appellant

*A. D. Mason, A. B. Dibble,* and *C. W. Kitts,* for Respondents.

VANCLIEF, C. — A striking peculiarity of the action is, that the same person — Mary F. Byrne — is both plaintiff and defendent. In her simple, non-official character she sues herself as administratrix of the estate of her deceased father. As plaintiff, she actively prosecuted the action, giving material and important testimony for plaintiffs. As defendant, she failed to answer or demur, and her default was duly entered. Judgment was rendered in her favor as plaintiff, and against her as de-

fendant. The effect of the judgment is to give her and her co-plaintiffs seventeen hundred dollars, which, in her character of administratrix, she had received as the property of the estate of her father, and represented to be such in all her proceedings as administratrix from January, 1888, until May, 1890. Whether the money recovered by the judgment was the property of the estate of Michael Byrne or the property of the plaintiffs was the main issue tried; and this issue was raised by the pleading of the intervener, McGrath, a creditor of the estate, whose claim had been allowed, and who alone appeals from the judgment, and from an order denying his motion for a new trial.

The plaintiffs — five in number — are the children of Michael Byrne and his wife, Mary F. Byrne, both deceased. The complaint alleges that on January 12, 1878, Mary F. Byrne, plaintiff's mother, executed her last will, whereby she devised and bequeathed to her husband, Michael Byrne, all her separate real and personal property, in trust, for the use, benefit, support, maintenance, and education of her children (the plaintiffs), or the survivor or survivors of them, and appointed Michael Byrne executor thereof; and that thereafter, on January 20, 1878, she died. It was found by the court that Michael Byrne was appointed executor, accepted the trust, and took possession of all the estate of the testratrix. No copy of the will appears in the transcript. Nor does it appear what property the testatrix owned at the time of her death, nor what of her property came to the possession of her husband after her death, except that the court found he received two thousand five hundred dollars from her estate, which he invested in a drug store on January 1, 1884, in his own name, and thereafter conducted the store as his own property until December 7, 1887, when he died. On January 15, 1888, the plaintiff, Mary F. Byrne, was appointed administratrix of his estate. In her verified petition for letters of administration she stated that the drug store was a part of the estate of the decedent, and

as such entered it in her inventory of the estate, and had it appraised. In her petition for a family allowance, and for an order allowing her to replenish the stock and to continue the business of the drug store, she represented the drug store to be a part of the estate. A family allowance of eighteen hundred dollars was made, and taken principally from the drug store. By order of the court she was allowed to replenish the stock of the drug store on the credit of the estate, and to carry on business until May 23, 1890, when, on her petition, the whole stock was sold by order of court, as the property of the estate, for the sum of seventeen hundred dollars, which sum is the subject of contest in this action. The estate is still in debt for stock of drug store purchased by decedent in his lifetime, and also in the sum of two thousand dollars, for stock purchased by the administratrix, and is insolvent.

There was no demurrer to the complaint; but at the commencement of the trial the intervener, who claimed that the drug store was the property of the estate and subject to the debts thereof, objected to any and all evidence offered by plaintiffs, on the ground that the complaint stated no cause of action upon which the plaintiffs were entitled to any relief whatever, because Mary F. Byrne was both plaintiff and defendant. This objection was overruled by the court, and the trial proceeded.

On his motion for a new trial, the intervener contended, — 1. That the evidence was insufficient to prove that the two thousand five hundred dollars invested in the drug store, or any part thereof, came from the estate of Mary F. Byrne, deceased, or was held by Michael Byrne in trust for the use of plaintiffs; 2. That if said money was originally received from the estate of Mary F. Byrne, in trust for plaintiffs, the evidence was insufficient to trace and identify any part thereof, in the stock of the drug store, at the time of Michael Byrne's death, or thereafter.

While I am inclined to the opinion that the evidence was not sufficient to distinguish any part of the trust

fund from other property of the estate of Michael Byrne at or after the time of the commencement of this action, it is not necessary, in my view of the case, to decide this question, since I think the complaint is insufficient to entitle plaintiffs to any relief whatever.

"No one can be both plaintiff and defendant in the same action. A party cannot have a right of action against himself as debtor or tort-feasor." (Barbour on Parties, 18; *Trustees of Meth. Ep. Church* v. *Stewart*, 27 Barb. 553; *Blaisdel* v. *Ladd*, 14 N. H. 129.)

"It is a first principle, that in whatever different capacities a person may act, he never can contract with himself, nor maintain an action against himself." (*Eastman* v. *Wright*, 6 Pick. 316.)

In *Brown* v. *Mann*, 71 Cal. 192, it appears that Charles Brown, while administrator of Abel Mann, held a mortgage on the land of his intestate, and, for the mere purpose of having it foreclosed, he assigned it to his brother Adolphus, who commenced an action for that purpose, making Charles Brown, as administrator of Mann, a party defendant. A decree of foreclosure was rendered, under which the property was sold. After the sale, and after Charles Brown ceased to be administrator of Mann's estate, Adolphus Brown reassigned the mortgage debt and judgment to Charles Brown, who moved the court to substitute himself as plaintiff, and also to vacate the decree theretofore rendered, and allow him to file a supplemental complaint, making other parties defendant. These motions were granted, and subsequently another decree of foreclosure was rendered, on appeal from which this court said: —

"The proceedings had after the transfer of the note and mortgage by plaintiff (Charles Brown) to Adolphus Brown, with the suit thereon, must be disregarded, because Charles Brown, being the administrator of the estate of Abel Mann, could not, under the name of Adolphus Brown, have an action for his own benefit against himself as administrator, to foreclose the mortgage. He had ample means in other ways to obtain the

benefit of his security.  Not until he ceased to be administrator, and was substituted as plaintiff, which was after May 4, 1875, had he, Charles Brown, the plaintiff herein, commenced any proper action to foreclose the mortgage.  At that time more than four years had elapsed after the note came due, and the action was barred."

According to this opinion, the action at bar could not have been maintained, even by the co-plaintiffs of Mary F. Byrne, whilst she was interested with them and remained administratrix of the estate of her father.  Therefore it is not a matter of misjoinder of parties plaintiff. The valid objection is, that the estate of Michael Byrne, deceased, was not represented by a competent administrator.  Mary F. Byrne was a proper party plaintiff, but neither she nor her co-plaintiffs could maintain the action, except against a competent representative of Michael Byrne, deceased.  For all purposes of this action, the office of administrator of Michael Byrne, deceased, must be regarded as though it had been vacant.

I think the judgment should be reversed, and that the court below should be instructed to dismiss the action.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and the court below is instructed to dismiss the action.

A petition for a rehearing having been filed, the following opinion was rendered thereon on the 25th of June, 1892: —

The COURT.—This cause having been considered by the court in Bank in connection with the respondent's petition for a rehearing, the opinion and judgment of the Department is modified as follows: —

All of said opinion following the words quoted from the case of *Brown* v. *Mann,* and the judgment, are stricken out, and the following substituted: —

According to the principle of this decision, Mary F.

Byrne, being disqualified to represent the interest of the heirs and creditors of the estate, by reason of her adverse interest as claimant under the alleged trust, it was necessary to make all creditors of the estate, as well as all heirs, parties to the action. The record does not show that all creditors were made parties, and the judgment is therefore erroneous. The inability of Mary F. Byrne to appear as one of the parties plaintiff and also as a party defendant, by reason of the antagonism of her intersts in the two capacities, can be obviated by following the course pointed out in section 382 of the Code of Civil Procedure.

For these reasons, the judgment must be reversed and the cause remanded, with directons to the superior court to allow the plaintiffs to amend their complaint by making the necessary parties defendant, and it is so ordered.

Rehearing denied.