INDEPENDENT SCHOOL DISTRICT No. 3, FREMONT TOWNSHIP, v. JAMES GUNN, Appellant.

**Practice:** PARTIES. A grantor, under whom all parties to an action to quiet title claim, is not a necessary part to the action.

*Appeal from Cedar District Court.*—HON. J. H. PRESTON, Judge.

TUESDAY, DECEMBER 18, 1894.

This suit involves the title to a school house site, of which each of the parties claims to be the owner. There was a decree for the plaintiff, and defendant appeals.—*Affirmed.*

*W. H. Smith* and *J. W. Jamison* for appellant.

*Wheeler & Moffitt* for appellee.

Rothrock, J.—This action is in equity to quiet the title of the plaintiff to the premises in dispute. The

land from which the school house site was taken is situated in the northwest corner of a section, and consisted of a lot four rods by ten. That and other lands adjoining were formerly owned by Susanna P. Parsons. In the year 1876 she entered into a contract by which she sold the school house lot to the plaintiff, and possession was then taken, and the purchase money paid. No conveyance of the title has at any time been executed, but the plaintiff was in actual, open, notorious, adverse possession of the lot under the contract until the year 1890, when the defendant, who purchased the tract of land from which the lot was taken, entered upon the lot, and took forcible possession of the same. It will be seen from the above statement of facts that the plaintiff was entitled to a decree quieting its title to the lot. It is the absolute owner of the fee title by reason of adverse possession under claim of ownership for more than ten years before the suit was commenced.

The defendant insisted that Susanna Parsons should have been made a party defendant, and this appeal was taken because the court refused to compel the plaintiff to make her a party. The defendant had no right to make any such demand. Parsons was not a necessary party to a determination of the controversy between the plaintiff and the defendant. It is provided by section 2551 of the Code that "the court may determine any controversy between the parties before it when it can be done without prejudice to the rights of others, or by saving their rights. But when a determination of the controversy between the parties before the court cannot be made without the presence of other parties the court must order them to be brought in." The facts in the case of *Camp v. McGillicuddy*, 10 Iowa, 201, relied upon by the defendant, are not the same as in the case at bar. We need not point out wherein the

case is not applicable to this controversy. The difference is too plain for discussion.

It is suggested in the argument of appellant that he may have a right of action against Parsons on the covenants of her deed to the land, and that he may be compelled "to resort to an independent action at law" in case of plaintiff's recovery of the land. It is apparent that the court did not err in refusing to make the order, and thus enable the defendant to add an action at law triable by jury to a purely equitable suit, in which law action the plaintiff was in no manner concerned.—*Affirmed.*