[S. F. No. 1145.  Department One.—June 30, 1898.]

In the Matter of the Estate of MARY G. WATKINS, Deceased.

ATTORNEY IN FACT—ESTATE OF DECEASED PERSONS—REVOCATION OF AGENCY.
Where an attorney in fact, having power from a creditor of the estate of a deceased person, afterward is appointed the administrator of the estate, the operation of the power becomes suspended, if indeed the agency is not thereby entirely renounced.

ID.—ADMINISTRATOR CANNOT SET OFF PERSONAL CLAIM.—One acting as administrator of the estate of a deceased person has no right to set off a claim held by himself individually against a debt due from his estate to a creditor of his intestate.

APPEAL from an order of the Superior Court of Humboldt County settling the accounts of the administrator of the estate of a deceased person.  G. W. Hunter, Judge.

The facts are stated in the opinion.

J. H. G. Weaver, for Appellant.

W. L. Duff, and E. C. Cooper, for Respondent.

BRITT, C.—On November 23, 1894, one Mrs. Elizabeth Lawrence, a creditor of the estate of Mary G. Watkins, deceased, made to James B. Watkins a power of attorney in terms authorizing him to demand, and if necessary sue for and recover, all sums of money due or to become due from the said estate to her, the said Elizabeth Lawrence, and to receipt in her name therefor.  In January, 1895, said James B. Watkins applied for and received letters of administration on said estate, and thereafter a portion of Mrs. Lawrence's claim was regularly allowed and established as a debt of the deceased.  In April, 1897, said administrator filed a final account of his administration, crediting himself therein, among other items, with a sum of money alleged to have been paid in satisfaction of said allowed claim against the estate.  Said creditor contested the account on the ground that the administrator had made no such payment.  On the hearing he produced as his voucher a receipt to himself as administrator for the money due to Mrs. Lawrence, which receipt was subscribed with her name by himself

as attorney in fact in virtue of the aforesaid power. He did not pay the money to her, but retained it in his own hands and claimed the right to apply it on a demand he set up against her on account of certain dealings she had had with him in his individual capacity. The court sustained the objections to the account and ordered the administrator to pay said creditor the amount of her allowed claim.

The conduct of the administrator was wholly indefensible. In his official character he was a trustee (*Bergin v. Haight*, 99 Cal. 52); he had no capacity to "demand, sue for, or recover," sums of money claimed by others against the estate which was the subject of his trust (Civ. Code, secs. 2232, 2234; *Byrne v. Byrne*, 94 Cal. 576); the authority to sign a receipt conferred by the power of attorney was but an incident of the authority to collect the money; it necessarily follows that when he became administrator of the estate the operation of the power from Mrs. Lawrence was suspended, if indeed his agency for her was not entirely renounced. (Civ. Code, secs. 2232, 2322, 2355, subd. 4.) Of course he had no right to set off any claim held by himself individually against a debt due from him as administrator to a creditor of his intestate. The order should be affirmed.

Chipman, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.　　　Harrison, J., Garoutte, J., Van Fleet, J.