SANDO, Respondent, v. ROBERTS, Appellant.
(156 N. W. 64.)

(File No. 3824. Opinion filed February 1, 1916.)

1. **Pleadings—Indefinite and Uncertain Complaint—Plaintiff as Guardian—Allegations of Guardian's Personal Interest.**

In a suit by guardian of the estate of plaintiff's husband, an insane person, to recover from a county proceeds from their homestead lands wrongfully turned over to and received by county treasurer in payment for treatment of the insane husband in state hospital, the complaint also containing intermingled allegations showing that plaintiff might lawfully claim a personal interest in the moneys involved, **held**, that, the complaint being as definite and certain in its allegations of fact as it could well be made, it being certain therefrom that the guar-

dian plaintiff was not plaintiff in her individual capacity, and
that she as guardian was the sole party plaintiff, a motion to
make more definite and certain was properly overruled.

2.  **Parties—Parties Plaintiff—Guardian, and Individual, Interest—
     Party on Court's Motion, Propriety of—Equity Rule as to
     Parties, Foundation of—Statutes.**

Under Code Civ. Proc., Sec. 89, providing that those parties
who are united in interest must be joined as plaintiffs or de-
fendants, and Sec. 95, providing that the Court may determine
any controversy between the parties before it, when it can be
done without prejudice to the rights of others, or by waiving
their rights, but when a complete determination cannot be had
without the presence of other parties, the court must cause
them to be brought in, held, that, where a wife, guardian of her
insane husband, sued a county for proceeds of crops from their
homestead lands, wrongfully turned over to and received by
county treasurer in payment for husband's treatment at state
hospital, the court, of its own motion, properly ordered that
plaintiff, in her individual capacity, be made party plaintiff, it
being immaterial at whose behest this was done; to the end
that the controversy, so far as defendant was concerned, be
settled in one suit; that the purpose of the statutes was to
establish the equity rule in all actions, whether at law or in
equity; under which rules any party who claimed a concurrent
interest, whether joint or otherwise, in the subject-matter of
the action, was entitled to interplead as plaintiff, or be brought
in by the court, whether the parties desired it or not.

Smith, J., dissenting.

3.  **Parties—Parties Plaintiff—Guardian, Having Personal Interest—
     Common-Law Rule.**

At comman-law the wife, as guardian of her husband, and
in her capacity as to personal interest, might not have been
joined as party plaintiff, unless the interest represented in both
her capacities were joined.

4.  **Accounts—Parties Plaintiff—Pleadings—Joinder of Parties Hav-
     ing Concurrent Interest.**

Wherever an accounting is sought, either for its own sake
or as preliminary to further judicial action, the equity rule
as to bringing in parties is controlling; and when several per-
sons are interested in having an account taken, or in its re-
sult, one of them cannot institute a proceeding by himself alone
without joining with others in some manner to bind them in the
decree.

Smith, J., dissenting.

Appeal from Circuit Court, Roberts County.   Hon. THOMAS
L. BOUCK, Judge.

Action by Mary Sando, as guardian of the estate of Oluf Sando, insane, against Roberts County, to recover proceeds of crops from certain alleged homestead lands of plaintiff and her insane husband. From an order that the complaint be amended by adding plaintiff individually as a party plaintiff, and that defendant answer or demur to the complaint, and overruling a motion to make the complaint more definite and certain, defendant appeals. Affirmed, and cause remanded for further proceedings.

*J. J. Batterton,* and *E. J. Turner,* for Appellant.

*Carston Eggen,* and *George S. Rix,* for Respondent.

(2) To point two of the opinion, Appellant cited: Dias et al. v. Phillips, 59 Cal. 293; May v. Smith, 45 N. C. 146; Miller et al. v. Hawkeye Gold Dredging Co., 137 N. W. (Iowa) 507; Louis et al. v. Eshleman, 57 Iowa, 653, 11 N. W. 617; Martin v. Davis, 82 Ind. 28; Bort v. Yaw, 46 Iowa, 323; Skull et al. v. Barton, 77 N. W. (Neb.) 132.

Respondent cited: Code Civil Proc., Secs. 87, 89; Pomeroy, Code Remedies, (3d Ed.) Sec. 183, p. 228; Sec. 200, Subd. 5, p. 244; Sec. 202, p. 246; Sec. 203, p. 249; 31 Cyc. (E) p. 474.

McCOY, J. Mary Sando, as guardian of the estate of one Oduf L. Sando, her husband, an insane person, as plaintiff, brought this action against the defendant, Roberts county, to recover the sum of $1,624.51, the proceeds of crops from certain lands alleged to be the homestead of Mary Sando and her insane husband, the said proceeds of said crops being alleged to have been wrongfully and unlawfully turned over to and received by the county treasurer of defendant for the purpose of paying for the treatment of said insane husband at the state hospital at Yankton, wherein said husband has been confined and treated for some years past. Mary Sando as said guardian, as sole plantiff, commenced this action, and in the complaint stated an alleged cause of action for the recovery from defendant of said moneys in her favor as such guardian, and also made allegations, intermingled in the same complaint, showing that as an individual she has, or might lawfully claim to have, an interest in the recovery from defendant of the same moneys which is the subject-matter of this suit. After the service of the complaint the defendant served upon plaintiff a notice of motion to make said complaint more definite and certain, in that complainant be required: (1)

To set forth whether or not said action is brought by the said plaintiff individually and for her individual benefit; (2) or whether or not said action is brought in her name as guardian for the benefit of the estate of Oluf L. Sando. On the hearing of this motion the trial court, in effect, made an order, denying the motion to make more definite, and the court, of its own motion, ordered that said complaint be changed and amended by adding as a party plaintiff Mary Sando individually, and that defendant answer or demur to said complaint. To the making of this order the defendant excepted, and now urges that the same constitutes error: (1) In that the cour erred in allowing plaintiff to amend her complaint by inserting therein the name of Mary Sando individually as a party plaintiff; (2) in that the court overruled defendant's motion to make said complaint more definite and certain.

[1] We are of the view that the court committed no error in denying the motion to make more definite the complaint. The complaint was as certain and definite in its allegations of fact as it could well be made. It is certain from an inspection and analysis of this complaint that Mary Sando in her individual capacity was not a party plaintiff. It is also certain that Mary Sando, guardian, was the sole and only party plaintiff to the original complaint. Mary Sando individually and as guardian are two distinct legal parties entities. As to the ultimate rights of Mary Sando in either capacity, we are not at this time called upon to decide. The only question now before us is that of the formation of the pleadings and issues ultimately to be tried out and determined.

[2-3] It is urged that the trial court erred in making Mary Sando as an individual a plaintiff to the action of the court's own motion, but we are of the view that, under sections 89, 95, Code of Civil Procedure, the court was authorized to bring Mary Sando as an individual into the action as a party plaintiff. Whether she was so brought into the action upon the application of the plaintiff or the defendant, or upon the court's own motion, is not material. The court of its own motion had the right to cause her to be brought in as a party for the purpose of and to the end that the controversy, in so far as defendant is concerned, be settled in one single suit, so that the defendant be not liable to be subjected to

the unnecessary trouble, cost, and expense of defending a new action. Pomeroy's Code Rems. (4th Ed.) §§ 308 to 325. Under the common-law rules Mary Sando in both capacities might not have been so joined as a party plaintiff, unless the interests represented in both her capacities were joint. Pom. Rems. § 126. Under the chancery or equity rules any party who claimed a concurrent interest, whether joint or of whatsoever nature, in the subject-matter of the action, was entitled to be interpleaded as a party plaintiff, or be brought in by the court, whether the parties to the suit desired it or not, to the end that all the claims to the same subject-matter be determined and concluded in the one single action. The intent and purpose of sections 89, 95, and some others, of our Code of Civil Procedure was to establish the equity rule in all actions whether at law or in equity. Pom. Rems., supra. These concurrent claims of the plaintiff, in her double capacity, should be litigated and determined, as against the defendant, in one single action, wherein the trial court in the final judgment can safeguard the interests of all parties. What the final determination should be does not concern us at this time, neither does the form or sufficiency of the complaint as amended. We are of the view that defendant is not interested in this case in what capacity the plaintiff may recover, if it should turn out on the trial that defendant is not entitled to the moneys in question. In such event the only interest of defendant would be that plaintiff in both capacities be concluded by the judgment. In case of a recovery in this action by plaintiff, in either or both capacities, against the defendant, whatever conflicting rights, if any, might exist between Mary Sando, individually and as such guardian might have to be adjudicated in some subsequent proper procedure, and in which procedure the defendant would have no beneficial interest as a party or otherwise. The following authorities sustain these views: Pom. Code Rems. §§ 126, 161, 162, 163, 171, 307, 308 to 311; sections 89, 95, Code Civ. Pr.; Am. & Eng. Ency. Pl. & Pr., vol. 4, pp. 481, 587, 588; Byrne v. Byrne, 94 Cal. 576, 29 Pac. 1115, 30 Pac. 196; Henderson v. Sherman, 47 Mich. 267, 11 N. W. 153; Thiebaud v. Tait (Ind.) 31 N. E. 1052. In Byrne v. Byrne, the plaintiff, Mary Byrne, in the original complaint, appeared as one of the plaintiffs in her individual capacity, and also as a defendant in her capacity as an administra-

tor.   Objection was made that she could not appear both as a plaintiff and as a defendant in the same suit.   The court sustained the objection, and in doing so said:

"The inability of Mary Byrne to appear as one of the parties plaintiff and also as a party defendant, by reason of the antagonism of her interests in the two capacities, can be obviated by following the course pointed out in section 382 of the Code of Civil Procedure."

Section 382 of the California Code and section 89 of our Code are indentical, and relate to the joinder of parties having a united interest.   The interests of Mary Sando as an individual and as a guardian, as against the defendant, are united and concurrent interests.   In Henderson v. Sherman, where plaintiff sought to recover in equity against a defendant alleged to be holding proceeds of an estate, and where plaintiff based her claims to such proceeds on an assignment thereof from a third party, and also a right to the same proceeds as the guardian of another person, the court held that defendant could not be prejudiced by the plaintiff's appearance in such double capacity.   In Camp v. McGillicuddy, 10 Iowa, 201, it was held that a court of equity may require a party who is not directly affected by the decree to be made a party where such proceeding will tend to avoid a multiplicity of suits.

[4] Suits in equity for accountings for the proceeds of estates or other property furnish a good illustration of the equity rule as to joinder of parties plaintiff having a united or concurrent interest in the recovery of the subject-matter from defendants alleged to wrongfully withhold the same.   Wherever an accounting is sought, either for its own sake or as the preliminary step to further judicial action, the equity rule as to parties is controlling.   When several persons are interested in having an account taken, or in its result, one of them cannot be permitted to institute a proceeding for that purpose by himself alone without joining the others in some manner, so that they shall be bound by the decree, for otherwise the defendant would be exposed to as many actions as there were persons interested, each bought and maintained for the same purpose and upon substantially the same proofs.   Pom. Rem., supra, § 171.   Mary Sando in her double

capacity is interested in this action in requiring the defendant to account for the proceeds of the crops in question, and the order of the trial court in making Mary Sando as an individual a party to this suit was as much for the benefit and protection of defendant as it was for Mary Sando, and therefore in no manner prejudicial to defendant.

The order appealed from is affirmed, and the cause remanded for further procedure.

SMITH, J. (dissenting). While I concur in the general principles announced in the majority opinion, I believe they are misapplied in this case. The statement in the opinion that there are "allegations intermingled in the same complaint, showing that Mary Sando as an individual has, or claims to have, an interest in the same subject-matter of suit that would constitute a cause of action in her favor for the recovery of the same moneys," I think is not warranted by any allegation of the complaint. The only allegations referring to Mary Sando as an individual are that she is the wife of Oluf Sando, insane, and one of his heirs, dependent upon his estate and property for support, and has no other means of support; that Mabel Sando, a daughter, is likewise an heir and dependent upon the same support, and that both Mabel and plaintiff have been at all times and now are residents and citizens of the United States. The right of any county to be reimbursed out of an insane person's estate for the expense of treatment and maintenance of such insane person in the hospital for the insane is founded upon section 544 of the Political Code. But under that section, the right to reimbursement exists only where the insane person had no heirs within the United States dependent upon the estate for support. Evidently the theory of the complaint is that the estate of Oluff Sando was not liable under this statute, for the reason that his wife, Mary Sando, and his daughter, Mabel Sando, are and were his heirs, residing within the United States, and dependent upon his estate for support. It seems perfectly plain that these allegations were inserted to show the non-liability of the estate, and not upon the theory that Mary Sando as an individual was entitled to recover from the defendant county money alleged to have been wrongfully paid out of the estate. It is elementary that insanity in no manner changes the legal title to or status of property possessed by the insane per-

son.   Nor does the fact that a guardian may be appointed to administer the property of an insane person divest or affect the legal title.   The suit could only have been brought with the view of restoring to the estate of the insane husband moneys alleged to have been wrongfully taken from it.

The effect of the order appealed from is to force Mary Sando to become a party plaintiff in her individual capacity as well as in her representative capacity, thus compelling her, in effect, to come before the trial court with a claim absolutely adverse to the property rights of her insane husband—and this under the theory that our modern practice requires all controversies to "be settled in one single suit."   If this rule is to obtain, every trustee of an express trust may join in the same action and litigate his claim that trust property which he seeks to recover belongs to himself as an individual, and thus take his chances of obtaining a judgment barring the rights of his cestui que trust.   This is precisely the attitude into which Mary Sando is forced by the logic of the majority opinion.   I submit that such a holding will subject this court to just judicial criticism.

A guardian, who has a personal interest in a controversy adverse to the interest of the ward cannot represent his ward, either as plaintiff or defendant.   Roodhouse v. Roodhouse, 132 Ill. 360, 24 N. E. 55, 22 Am. St. Rep. 539; Walker v. Smyser, 80 Ky. 620; Sandoval v. Rosser (Tex. Civ. App.) 26 S. W. 930; Mathewson v. Sprague, 16 Fed. Cas. 9,278, 1 Curt. 457.   In Dias v. Phillips, 59 Cal. 293, plaintiff brought an action in his individual right, and also in his representative capacity as executor.   Defendant demurred to the complaint.   The court said:

"The question was raised by the demurrer whether the suit was properly brought by the plaintiff in a double capacity, and we think the objection to the complaint should have been sustained. The right of action was in him or in the estate, and not in both."

In Byrne v. Byrne, as administratrix, etc., 94 Cal. 576, 29 Pac. 1115, 30 Pac. 196, Mary F. Byrne in her individual capacity brought action against herself as administratrix of the estate of her deceased father.   A creditor of the estate intervened in the action and objected to the introduction of any evidence on the ground that plaintiff could not be entitled to any relief whatever. The court held her to be disqualified, by her personal interest, to

represent the interests of the heirs and creditors of the estate. The same principle was applied in Perkins v. Ipsam, 11 R. I. 270.