[Civ. No. 3928.    First Appellate District, Division One.—November 14, 1921.]

## MAX MAMLOCK, Appellant, v. EDWIN H. WILLIAMS et al., Respondents.

[1] AGENCY—COLLECTION OF NOTE—AUTHORITY TO COMPROMISE.—An agent for the collection of a note with authority in a certain contingency to enter into a compromise with its maker is bound to act in the highest good faith toward his principal.

[2] ID. — SALE OF PARTNERSHIP INTEREST — AUTHORITY TO COMPROMISE PURCHASE-MONEY NOTE—ASSUMPTION OF PAYMENT—DUTY OF AGENT.—Where a partner upon the sale of his interest in the partnership to a third party authorized his former partner to compromise the note given in part payment for his interest in the event that the business proved a failure, and such former partner thereafter purchased from the third party such interest and agreed with him to assume the payment of the note, it was his duty to negotiate directly with his former partner for a com-

promise, and his attempted compromise of his own indebtedness without notice to him that he has become liable for payment did not discharge the note.

[3] ID. — CHECK IN SETTLEMENT — RETENTION BY PAYEE — RULES OF PAYMENT INAPPLICABLE.—Where under such circumstances a check for a small sum was sent to the former partner with the statement that the note had been compromised for such sum, the retention thereof did not render the rules of payment by check applicable, since the check did not purport to be payment of anything due from the sender to such former partner.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Reversed.

The facts are stated in the opinion of the court.

William A. Kelly and Harold C. Faulkner for Appellant.

W. F. Postel for Respondents.

KERRIGAN, J.—This is an appeal by plaintiff from a judgment in favor of the defendants in an action brought to recover the sum of three thousand dollars, due upon a promissory note executed by defendant Edwin H. Williams in favor of the plaintiff, and which by an agreement subsequently entered into between Williams and his codefendant Robert L. Coleman the latter undertook to pay. Coleman having died after the commencement of the action, his executrix, Frances E. Coleman, was substituted as defendant in his stead.

The plaintiff and Robert L. Coleman were copartners doing business under the name of Alco Taxicab Company when, on January 1, 1916, the former sold all his interest in the concern to Edwin H. Williams, and the note in suit was given by Williams as a portion of the purchase price thereof. The note was payable in monthly installments. On the day that the note was executed, and as a part of the same transaction, the plaintiff executed the following writing:

"I, Max Mamlock, payee in the note executed by Edwin H. Williams in my favor, do hereby irrevocably authorize and appoint Robert L. Coleman as my agent for me and in my behalf to collect all moneys due and payable to me

under the terms of the foregoing note, and I further authorize said Robert L. Coleman to receipt for said moneys collected by him, and in the event of the failure of the business of the Alco Taxicab Company to compromise said note for less than the face value thereof and in his judgment as he may see fit to give further and complete receipts and acquittances thereunder for me and in my name, place and stead.

"Dated, January 1, 1916."

On January 25, 1916, and shortly after the above transaction, Coleman purchased from Williams his newly acquired interest in the Alco Taxicab Company, and in connection with said purchase executed and delivered to Williams a writing in terms as follows:

"San Francisco, January 25, 1916.

"For and in consideration of the execution to me of a bill of sale of even date herewith, I hereby undertake and agree that I will pay to Max Mamlock that certain promissory note dated January 1, 1916, in the principal sum of eleven thousand dollars and signed by Edwin H. Williams, and that I will hold Edwin H. Williams harmless from any and all loss, damage or expense by reason of his having executed said promissory note in favor of Max Mamlock. A copy of said note is hereto annexed, marked Exhibit A and made a part hereof."

The note referred to in this writing is the same as that above referred to.

In May, 1917, Coleman sold and disposed of the business, and in August of that year, the monthly payments upon the aforesaid note having been made up to that time, notified the plaintiff in writing that the business of said concern had proved a failure, and that he had under the authority given him by the document of date January 1, 1916, hereinabove set out, accepted a compromise in the sum of ten dollars of the Williams note, accompanying said notification with a check drawn by himself for that amount.

There is nothing in the record to show that Mamlock was informed of Coleman's agreement with Williams to pay said note, or that the purported compromise was not in fact had with Williams. Mamlock neither cashed nor

55 Cal. App.—12

returned said check, but on September 13, 1917, about five weeks after its receipt, brought this action to recover the amount then due upon the note. By a supplemental complaint the amount due was fixed at three thousand dollars.

Answers were filed by both Williams and Coleman's executrix, in both of which the aforesaid alleged compromise is pleaded as a discharge and satisfaction of the note sued upon. The trial court found in accordance with this defense, and judgment was entered in favor of the defendants.

In support of his appeal it is urged by the plaintiff that the trial court was in error in holding that the purported compromise by Coleman of the note in suit and his tender of a check for ten dollars to the plaintiff operated as payment and discharge of the note; and we think that this contention of the appellant must be sustained.

[1] Coleman, as the agent of Mamlock for the collection of the note, with authority in a certain contingency to enter into a compromise with its maker, was bound to act in the highest good faith toward his principal. In respect of this agency he was under some of the disabilities of a trustee (Civ. Code, sec. 2322). He was inhibited from obtaining any advantage over him by the slightest concealment (Civ. Code, sec. 2228); he could not enter into any transaction connected with his trust in which his interest would be adverse to that of his principal (Civ. Code, sec. 2230; *Watkins' Estate,* 121 Cal. 327 [53 Pac. 702]); and it was his duty immediately to disclose to his principal his adverse interest (Civ. Code, sec. 2233), and any violation of these duties constitutes a fraud against the principal (Civ. Code, sec. 2234). [2] As already remarked, there is no evidence in the record of a disclosure by Coleman to Mamlock of the fact that he had by agreement with Williams become responsible for the payment of the note; and in his letter to Mamlock advising him of the purported compromise he states, ''I have compromised the said note for the sum of ten dollars, and have given full and complete receipts and acquittances therefor,'' clearly intending to convey the impression to Mamlock that the compromise had been made with another person than himself. We think it obvious that if the contingency foreseen in the written appointment of Coleman as Mamlock's agent arose, authorizing the making of a com-

promise, it was Coleman's duty, having himself been liable on the note, to negotiate directly with Mamlock with a view to effecting such compromise, and not to place himself in the impossible situation of negotiating with himself for a compromise of his own indebtedness.

[3] The respondents attach some weight to the failure of Mamlock to return to Coleman the ten dollar check, claiming that its retention for some five weeks before the commencement of this action amounted to its acceptance as payment of the note notwithstanding that it had not been presented for payment. No question arises here as to any prejudice suffered by the drawer of the check by reason of delay in its presentation for payment, sole reliance being placed upon the mere retention of the check. On this point it is sufficient to say that the check did not purport to be payment of anything due from Coleman to Mamlock, but at most the forwarding by means of a check by an agent of money belonging to his principal. Under these circumstances the question of payment by check and the rules of law relating thereto do not arise.

For the reasons given the judgment is reversed.

Waste, P. J., and Richards, J., concurred.