MELICHAR, Appellant v. FRANK et al., Respondents

(98 N.W.2d 345)

(File No. 9773. Opinion filed October 8, 1959.)

**G. F. Johnson,** Gregory, for Plaintiff-Appellant.

**J. W. Grieves,** Winner, for Defendants-Respondents.

SMITH, J. An automobile, owned and driven by plaintiff, came into collision with an automobile owned by defendant Frank and driven by defendant Drey. Therafter plaintiff brought this action seeking to recover the damages resulting to his automobile on the theory that the collision was caused by the negligence of Drey while acting within the scope of his employment as the agent of Frank.

After interposing his answer the defendant Frank moved the trial court for an order making the Gregory Independent Oil Company, a corporation, a party defendant in the action. In connection with this motion, Frank filed an affidavit with the court in which he deposed as follows:

> "That affiant's wife, Mable H. Frank, was using the affiant's car on the day in question to visit her mother in Gregory, South Dakota; that she discovered, while at her mother's residence, that one of the tires on said car was flat; that in order to have said tire repaired, she called the Gregory Independent Oil Company to have them fix the tire; that as a result of said call the Gregory Independent Oil Company sent its employee, the Defendant, Kenneth Drey, out to the place where the car was; that the Defendant Kenneth Drey, inflated the tire by means of an air tank he had with him and then proceeded to drive the car back to the Gregory Independent Oil Company; that on his way back to the Gregory Independent Oil Company said Defendant, Kenneth Drey, had an accident with the Plaintiff which is the subject of the above entitled action; That the

Defendant, Kenneth Drey, was at no time during the day in question nor at any other time whatsoever, the agent of the affiant, but was the agent of the Gregory Independent Oil Company, and that if the Defendant, Kenneth Drey, was negligent in the operation of affiant's automobile and such negligence resulted in damage, if any, to the Plaintiff, the affiant would not be liable for such negligence, but that Defendant, Kenneth Drey, as agent, and his principal, the Gregory Independent Oil Company would be the ones liable for such negligence and damage, if any; * * *."

No counter showing was made by plaintiff.

The motion came on for hearing on order to show cause and resulted in an order reading as follows:

"The above entitled matter being before this Court upon an Order to Show Cause for the addition of a party defendant dated May 15, 1958, on behalf of the defendants from which it appears that at the time of the collision upon which the plaintiff's cause of action is based the Gregory Independent Oil Company, a corporation, was the employer of the defendant, Kenneth Drey, acting within the scope of his employment, which might well throw upon the defendant, Kenneth Drey, the expense of more than one law-suit to determine issues which should be determined in one action or trial, and now therefore:

"It is ordered that the Gregory Independent Oil Company, a corporation, be made a party defendant herein or in the alternative that this action be by the plaintiff dismissed as against the defendant, Kenneth Drey, as the plaintiff may elect."

In accordance with SDC 33.0704 plaintiff petitioned for and was granted a right to appeal from the above quoted order. By his assignment of error plaintiff asserts that the trial court erred as a matter of law in depriving the plaintiff

of the right to elect to sue either the agent or the principal separately or jointly.

 This state enacted the Uniform Contribution Among Tortfeasors Act as Ch. 167, Laws 1945, presently cited as SDC Supp. 33.04A. The parties are agreed that the circumstances under consideration do not involve contribution among tortfeasors, and hence that the questioned joinder is not authorized by that act. Their views find support in the comment of the National Conference of Commissioners appearing on page 22 of the 1958 Annual Pocket Part of Volume 9 Uniform Laws Annotated. It is there written: "Where a master is vicariously liable for the tort of his servant, the servant has no possible claim to contribution from the master; and the master does not need contribution from the servant and will not seek it, since he is entitled to full indemnity." And see Millard v. Baker, 76 S.D. 529, 81 N.W.2d 892.

Other of our practice rules dealing with parties to an action include the following provisions:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein;" SDC 33.0409.

"Misjoinder of parties is not ground for dismissal of an action as a matter of right. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action * * *." SDC 33.0411.

Pointing to these provisions and to the text of 67 C.J.S. Parties § 72, p. 1020, reading as follows, "The purpose of provisions, in the codes and statutes relating to the addition of new parties is to bring all parties before the court at the same time so that all matters or disputes may, where possible, be determined without the delay, inconvenience, and expense of separate actions and trials", they assert that the trial court had a broad discretion in the premises which should not be disturbed upon appeal.

62

■ It is contemplated by our practice rules that the trial court should exercise a broad discretion in adding or dropping parties to an action. Cf. Sando v. Roberts County, 36 S.D. 556, 156 N.W. 64. Except as provided by SDC Supp. 33.04A, supra, it is not contemplated, however, that an amendment adding a new party should be ordered if so to do will deprive the opposite party of any of his rights. 67 C.J.S. Parties § 72, p. 1021.

■ ■ The authorities are in conflict over the right to join a master and servant as defendants in an action based on a negligent tort of the servant where the master's liability rests on the doctrine of respondeat superior. 98 A.L. R. 1057; 59 A.L.R.2d 1066. In dealing with the case in hand, we reason under an assumption that when the question is so presented as to require decision this court may align with the overwhelming weight of authority and approve such a joinder. Notwithstanding such an assumed holding, it is self-evident, because the master and servant are severally liable in such circumstances, that the right of plaintiff, at his option, to sue them separately would remain. Cf. 135 A.L.R. 271 and 59 A.L.R.2d 1066. The order of the trial court deprives plaintiff of this right. That it is an important right is pointed up in 26 Minn.L.Rev. 730. Further, more may be involved than a consideration of whether a plaintiff's interests will best be served by joining the parties in one action, or by bringing two actions; the plaintiff, for reasons personal to himself, may not desire or intend to proceed against the master. Such an order as was entered by the trial court requires that plaintiff abandon his action against the servant if he is unwilling to proceed against the master. These considerations persuade us that the trial court abused its discretion.

In treating of the practice under the Codes with reference to bringing in new parties, it is written in Clark on Code Pleading, 2d Ed., p. 410: "Where, however, joinder is optional with the plaintiff, in general this rule cannot be resorted to in order to restrict the plaintiff in the exercise of his option." No authority to the contrary has come to our attention.

The order of the trial court is reversed.
All the Judges concur.