Ray GRESS, Jr., and Phillip D. Armstrong, Trustee of the Bankruptcy Estate of Ray Gress, Plaintiffs and Appellees,

v.

Ted THOMPSON, Tommy Thompson, Thompson Livestock Company and St. Onge Livestock Auction, Inc., Defendants and Appellants.

No. 18380.

Supreme Court of South Dakota.

Considered on Briefs April 28, 1994.

Decided Aug. 3, 1994.

Haven L. Stuck and Steven Oberg of Lynn, Jackson, Shultz & Lebrun, Rapid City, for plaintiffs and appellees.

Thomas W. Stanton of Costello, Porter, Hill, Heisterkamp & Bushnell, Rapid City, for defendants and appellants.

PER CURIAM.

The facts underlying this appeal are principally the same as addressed in appeals 18356, 18357, 18358, 18360. Rather than restate all

of the facts here, we direct the reader's attention to our combined opinion in those appeals. *Stockmen's Livestock Exchange v. Thompson*, 520 N.W.2d 255 (S.D.1994). The following additional facts are relevant to this appeal.

In July 1988, Nickelson contacted Ray Gress and told him he wanted to purchase cattle. Gress was a licensed livestock dealer in North Dakota. On July 26, 27, and 30, 1988, Gress purchased cattle for Nickelson at the Western Livestock Co, Inc., Kist Livestock Yard, and the Stockmen's Livestock Exchange (hereinafter collectively referred to as "livestock sellers"). Nickelson paid for the cattle Gress purchased by mailing checks directly to Western Livestock ($31,687.37), Kist Livestock ($34,091.84) and Stockmen's Livestock ($33,747.82). Each of the checks was returned for insufficient funds.

The livestock sellers attempted to obtain payment from Gress, but he was unable to satisfy their claims. In August 1988, the livestock sellers filed a complaint against Gress with the North Dakota Department of Agriculture. Gress' North Dakota livestock dealer's license was revoked. The livestock sellers were paid $25,000 from Gress' dealer's bond.

In July 1991, Gress filed a lawsuit against Thompsons. After a jury trial, the trial court entered two judgments ($25,000 and $38,639.03) in favor of Gress against the Thompsons. Thompsons appeal.

## DECISION

THE TRIAL COURT WAS CORRECT IN DECIDING THAT NORTH DAKOTA LAW GOVERNED THE QUESTION OF THE EXTENT OF THOMPSONS' LIABILITY FOR THE ACT OF THEIR AGENT, NICKELSON.

Thompsons raise the same arguments regarding choice of law presented in appeals 18356, 18357, 18358, and 18360. We affirm the trial court for the same reasons set forth in that opinion. *See Stockmen's Livestock Exchange v. Thompson*, 520 N.W.2d 255 (S.D.1994).

THE TRIAL COURT WAS CORRECT IN CONCLUDING THAT THOMPSONS WERE LIABLE, *UNDER NORTH DAKOTA LAW,* FOR THE ACTS OF THEIR AGENT, NICKELSON.

Thompsons raise the same arguments regarding the extent of their liability for the acts of their agent as presented in appeals 18356, 18357, 18358, and 18360. We affirm the trial court for the same reasons set forth in that opinion.

THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY GRANTING A MOTION TO ADD A REAL PARTY IN INTEREST.

■ Gress filed a bankruptcy petition in February 1989. Gress did not list his claim against Thompsons as a potential asset in his bankruptcy petition. Gress was discharged from bankruptcy in June of 1989. Gress filed suit against Thompsons in July of 1991. The case was scheduled to go to jury trial on February 24, 1993. On February 22, 1993, in their pretrial statement, Thompsons alleged (for the first time) that Gress lacked standing to maintain the lawsuit against them because of his bankruptcy. Thompsons argued that the bankruptcy trustee was the only person who had standing to assert the claim.

Gress immediately filed a motion for continuance of trial. On February 24, 1993, Gress filed an affidavit stating that he would file a motion to reopen the bankruptcy proceeding. The trial court denied the motion for continuance and the case proceeded to trial on February 24, 1993. The jury returned a verdict in favor of Gress.

On March 12, 1993, the bankruptcy trustee filed a motion, under SDCL 15–6–17(a), asking to be added as a party. At a hearing on the motion, the trustee also argued that he could be added as a party under SDCL 15–6–21. On April 7, 1993, the trial court granted the motion to add the trustee as a party plaintiff.

Thompsons now argue the trial court erred in granting the bankruptcy trustee's motion to be added as a party.

SDCL 15–6–17(a) provides:

Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, conser-

vator, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the state so provides, an action for the use or benefit of another shall be brought in the name of the state. *No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.* (emphasis added).

SDCL 15–6–21 provides:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Thompsons complained about the failure to join a real party in interest. Gress diligently proceeded to reopen the bankruptcy action. Less than twenty days later, the bankruptcy trustee asked to be added as a party to the action. Thompsons then argued that addition of a party was unfair to them. Yet, Thompsons did not establish any specific undue prejudice to them that would result from the addition of the bankruptcy trustee as a party. *See Persche v. Jones,* 387 N.W.2d 32 (S.D.1986) (applying the undue prejudice analysis in a case involving the addition of a real party in interest). Despite the addition of the bankruptcy trustee, the exact same issues and facts were in dispute.

Under SDCL 15–6–17 and 15–6–21, the trial court clearly had authority to add a real party in interest. Thompsons have shown no undue prejudice which resulted to them as a result of the bankruptcy trustee being added as a party. The trial court did not abuse its discretion and is affirmed. *Melichar v. Frank,* 78 S.D. 58, 98 N.W.2d 345 (1959).

## THE TRIAL COURT DID NOT ERR IN AWARDING DAMAGES.

■ Gress was a livestock dealer in North Dakota and as such was bonded. As a result of the incidents with Nickelson, a $25,000 claim was paid out of Gress' bond. Gress was personally liable to repay the bond company for that payment. Gress was insolvent, so he filed for bankruptcy and was discharged from this obligation.

During the prosecution of this case, Thompsons argued that Gress did not have standing to sue because of his bankruptcy discharge. Gress reopened his bankruptcy. The bankruptcy trustee was added as a party. Any money judgment Gress recovered in this action would be attached by the bankruptcy trustee for the benefit of Gress' creditors in the reopened bankruptcy. 11 U.S.C. 541 and 542. This included the bond company. In other words, because the bankruptcy action was reopened, Gress is once again subject to liability to his creditors. *See* 2 Collier on Bankruptcy § 350.03. 11 U.S.C. 350(b).

The fact that he has not yet paid the creditors is not determinative. He is liable to those creditors and any amount he recovers will be used to repay his creditors. As he stated in his affidavit, Gress was willing to reopen his bankruptcy because his potential recovery from Thompsons could satisfy all of his creditors' claims and still leave an additional amount for him. Thompsons have not shown that the damage award was inappropriate or unlawful. The trial court is affirmed.

## GRESS IS NOT PROHIBITED FROM RECOVERING DAMAGES FOR HIS LICENSE REVOCATION SIMPLY BECAUSE HE DID NOT CONTEST THE PROCEEDINGS TO THE EXTENT THOMPSONS WOULD HAVE PREFERRED.

■ Gress bought cattle at the behest of Nickelson. The jury concluded that Nickelson was acting as Thompsons' agent. Thus, Gress was purchasing the cattle for Thompsons. When Nickelson and Thompsons did

not pay for the cattle, the consequences also fell on Gress. Gress was charged with failing to pay for cattle and faced revocation of his livestock dealer's license. Gress contested the license revocation proceedings. Now, Thompsons argue that Gress should have defended himself more vigorously. They contend that Gress is not entitled to damages because an injured party should not receive compensation for losses which the party could have or should have prevented. *Brown v. City of Yankton*, 434 N.W.2d 376 (S.D. 1989).

Thompsons claim Gress could have done more in his defense. Yet, aside from making vague allegations, Thompsons have not shown that Gress could have defended himself better. Nor do Thompsons show how Gress could have prevailed in his defense. The facts against Gress were indisputable. Gress was a licensed livestock dealer who purchased cattle and then was unable to pay for those cattle. As a result, Gress' license was subject to forfeiture and the aggrieved cattle sellers were entitled to claim recovery from Gress' bond. We find no merit in the argument advanced by Thompsons.

The trial court is affirmed in all respects.

MILLER, C.J., and WUEST and SABERS, JJ., and JAMES W. ANDERSON, Circuit Judge, concur.

HENDERSON, J., disqualified.

JAMES W. ANDERSON, Circuit Judge, for AMUNDSON, J., disqualified.