CHARLES A. DICKEY ET AL., APPELLANTS, V. ESTATE OF KATHERINE MEIER, DECEASED, ET AL., APPELLEES.

187 N. W. 2d 385

Filed May 12, 1972. No. 38185.

Hutton, Hutton & Garden, Margolin, Goldblatt & Steinstra, and McGroarty & Welch, for appellants.

Deutsch & Hagen, Thomas H. DeLay, and Rogers & Rogers, for appellees.

Heard before WHITE, C. J., SPENCER, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The plaintiff, Charles A. Dickey, was injured in an accident on December 2, 1964, when Matthew Meier, an agent and employee of Katherine Meier, backed a pickup truck into another vehicle pinning the plaintiff between the vehicles. The issues on appeal involve the nature and effect of "a special and restricted release" releasing and discharging Matthew Meier from liability for the

personal injuries to the plaintiff but specifically reserving any and all claims which the plaintiff might have against Katherine Meier. The district court found that the release by operation of law discharged the liability of both Katherine and Matthew Meier and dismissed the action.

Following the accident of December 2, 1964, both Matthew Meier and Katherine Meier died. The plaintiff filed claims against both the estates and the claims were disallowed by the county court. Appeals were then perfected to the district court. While the cases were pending in the district court, the plaintiff, upon payment of $6,250, executed a "special and restricted release and indemnifying agreement" to Matthew Meier, deceased, which released and forever discharged Matthew Meier, deceased, his heirs, personal representatives, successors, and assigns, "and all other persons, firms or corporations, who are or who may be liable for any claims of any kind or character, demands, rights or causes of action of whatsoever kind or nature, foreseen and unforeseen, developed and undeveloped, especially because of bodily and personal injury to said Charles A. Dickey * * * reserving, however, all claims, demands and causes of action * * * against said Katherine Meier, deceased." The release also agreed to indemnify and hold harmless Matthew Meier, deceased, and his representatives and assigns "against loss from any further claims, demands or actions that may hereafter, at any time, be made or brought against them or either of them for the purpose of enforcing any further claim for damages, reimbursement, contributions, or otherwise * * * in consequence of said accident, it being understood that this includes particularly, any claims of Katherine Meier, deceased, her personal representatives, heirs * * *." A separate paragraph repeats the statement that the release is a special and restricted release releasing only Matthew Meier, deceased, his personal representatives and heirs and reserving any and all claims against Katherine Meier,

deceased, her personal representatives and heirs.

The action against the estate of Matthew Meier was thereafter dismissed with prejudice. In the action against the estate of Katherine Meier with which we are concerned, the foregoing release and settlement with Matthew Meier were established. The pleadings and answers to requests for admissions also establish that the only basis of liability against the estate of Katherine Meier rests on the doctrine of respondeat superior. There is no allegation or evidence of any independent negligence of Katherine Meier, the employer-principal, and the sole negligence was that of Matthew Meier, the employee-agent, who has been released and discharged.

The defendant moved for summary judgment on the basis of the pleadings and responses to requests for admissions. The motion was sustained by the trial court, and the action dismissed.

The plaintiff contends that under the circumstances here Matthew Meier and Katherine Meier were joint tort-feasors, and that in such a situation release and discharge of one joint tort-feasor on settlement and payment of damages is not a defense to an action against another unless it was agreed between the parties to the settlement that such payment was in full satisfaction of all damages suffered. Authority for the latter portion of plaintiff's contention rests on Fitzgerald v. Union Stock Yards Co., 89 Neb. 393, 131 N. W. 612. The rationale of that case has been consistently followed since. It is also in accord with Restatement, Torts, § 885(1), p. 460: "(1) A valid release of one tortfeasor from liability for a harm, given by the injured person, discharges all others liable for the same harm, unless the parties to the release agree that the release shall not discharge the others and, if the release is embodied in a document, unless such agreement appears in the document." Tentative Draft, No. 16, Restatement, Torts 2d, dated April 24, 1970, changes that subsection to read: "(1) A valid release of one tortfeasor from liability for

a harm, given by the injured person, does not discharge others liable for the same harm, unless it is agreed that it shall do so." Under either version, the specific reservation of the claims against Katherine Meier would give plaintiff the benefit of the rule if Matthew Meier and Katherine Meier were joint tort-feasors.

The critical factor, however, is that Matthew Meier and Katherine Meier were not joint tort-feasors under the facts here. Plaintiff relies on the case of S.M.S. Trucking Co. v. Midland Vet, Inc., 186 Neb. 647, 185 N. W. 2d 667, for the proposition that an employer is regarded as a joint tort-feasor having joint and several liability. Two or three other cases involving employers and employees in which similar statements are found are likewise relied upon. In each of these cases it is apparent that the employer could have been guilty of independent negligence. None of them fit the situation involved here where the liability of the employer-principal arises only by virtue of the doctrine of respondeat superior, and not through any independent negligence of the employer-principal. The employer-principal here was not a joint tort-feasor in the technical sense. Her liability was purely derivative, stemming from the sole negligence of the employee-agent, and resting upon the employer-principal only because of the doctrine of respondeat superior.

Courts generally have not made this distinction or have followed rules applicable to true joint tort-feasors even though recognizing the distinction. See Annotation, Release of (or covenant not to sue) master or principal as affecting liability of servant or agent for tort, or vice versa, 92 A. L. R. 2d 533, at page 536 et seq.

Where the doctrine of respondeat superior has been involved, many cases make no distinction between releases and covenants not to sue. There are also cases which can be cited in support of a great variety of interpretations as to the effect of a release by an employer or an employee on the liability of the other where

the cause of action is in tort and the liability is founded on the doctrine of respondeat superior.

Consideration of the many and divergent legal principles and the practical problems in multiplicity of litigation and in determining whether satisfaction was full or only partial, all lead us to the view adopted by most courts which have considered the issue. See Annotation, 20 A. L. R. 2d 1044. We hold that in a tort action based exclusively on the alleged negligence of an employee or agent, a valid release of that employee-agent releases the employer or prinicpal from liability, even though the release specifically reserves all claims against the employer-principal. See, Max v. Spaeth, 349 S. W. 2d 1 (Mo.); Bacon v. United States, 321 F. 2d 880 (8th Cir.). Both courts held in those cases: "The master's liability under the doctrine of respondeat superior is based not on his own misdeeds but those of his servant, and therefore, when the servant is not liable, the master for whom he was acting at the time should not be liable. It matters little how the servant was released from liability; as long as he is free from harm, it appears to us that his master should also be held blameless." Subject to exceptions not present here, the statement is applicable to this case.

The action of the district court was correct and is affirmed.

AFFIRMED.

BOSLAUGH, J., participating on briefs.