**Carole J. RUANE**

v.

**Arnold MURRAY**

**No. 14741.**

Supreme Court of South Dakota.

Considered on Briefs March 7, 1985.

Decided Jan. 22, 1986.

James J. Janousek of Dorothy Law Firm, P.C., Sioux Falls, for plaintiff and appellant.

Sidney B. Strange of Strange & Strange, Sioux Falls, for defendant and appellee.

MORGAN, Justice.

Plaintiff Carole Ruane (Carole) appeals from a summary judgment entered in favor of defendant Arnold Murray (Murray) on Count II of the complaint. We reverse and remand.

Carole filed this action alleging as Count II outrageous conduct. In essence, she claims: (1) that Murray had sexual intercourse with her knowing she has psychological problems, and that Murray knew or should have known that Carole was unable to resist his advances; (2) that subsequent to having intercourse with Carole, Murray continued to harass her by intimidation and vocal threats; and (3) that the outrageous conduct manifested itself in additional psychological problems requiring hospitalization and further counseling.

According to Carole, Murray was in her apartment in June of 1982 to collect her rent. Murray then allegedly made sexual advances towards Carole. Carole then claims she entered a "disassociative state," characterized by body rigidity, shaking and whimpering. Carole's therapist testified by deposition that she has a prolonged depressive reaction and a personality disorder, which may manifest themselves in a "disassociative state" during times of stress.

Murray allegedly took advantage of Carole's condition and had sexual intercourse with her. He claims she initiated the contact and fully consented.

Carole also alleged that Murray continued to harass her following this incident. She claims he attempted to open her apartment with his master key several days later. Carole called the police and they told Murray to leave her alone.

Following this incident, Carole alleges Murray confronted her in the laundry room of the apartment building and berated her for calling the police. She also contends that Murray telephoned her twice, making "obscene remarks" and "repulsive comments and accusations." Finally, as Carole was prepared to vacate the apartment building, Murray allegedly blocked the doorway to her garage with his car and verbally abused her.

In granting Murray's motion for summary judgment, the trial court concluded that there was no evidence that Murray knew or should have known that Carole was psychologically incapable of resisting his sexual advances. The trial court made no mention of any of the actions Carole alleges as subsequent harassment to the intercourse.

In *Wilson v. Great Northern Railway Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968), this court set guidelines for the grant of summary judgment:

(1) The evidence must be viewed most favorable to the non-moving party; (2) The burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; (3) Though the purpose of the rule is to secure a just, speedy and inexpensive determination of the action, it was never intended to be used as a substitute for a court trial or for a trial by jury where any genuine issue of material fact exists. (4) A surmise that a party will not prevail upon trial is not sufficient basis to grant the motion on issues which are not shown to be sham, frivolous or so unsubstantial that it be obvious it would be futile to try them. (5) Summary judgment is an extreme remedy and should be awarded only when the truth is clear and reasonable doubts touching the existence of a genuine issue as to material fact should be resolved against the movant. (6) Where, however, no genuine issue of fact exists it is looked upon with favor and is particularly adaptable to expose sham claims and defenses.

83 S.D. at 212, 157 N.W.2d at 21 (footnotes omitted).

■ However, the nonmoving party must present specific facts which demonstrate there is a genuine, material issue for trial. *Western Casualty & Surety Co. v. Gridley,* 362 N.W.2d 100 (S.D.1985).

■ The following elements must be present to allow recovery for the tort of intentional infliction of emotional distress: (1) the act causing the anguish was done intentionally; (2) the act was unreasonable; and (3) the actor should have recognized it as likely to result in emotional distress. *Ruple v. Brooks,* 352 N.W.2d 652 (S.D. 1984). Carole has alleged the specific facts necessary to sustain her claim. We believe Murray has not met his burden of showing no genuine issue of material fact exists, and the trial court was incorrect in granting summary judgment.

"The extreme and outrageous character of the conduct may arise from the actor's knowledge that the other is particularly susceptible to emotional distress by reason of some physical or mental condition or peculiarity." Restatement (Second) of Torts § 46, Comment f (1965). Murray admitted that he knew Carole suffered from psychological problems. The extent of that knowledge should not have been considered by the trial court on a motion for summary judgment. Therefore, a factual question was presented as to whether Murray knew or should have known that his actions were likely to result in emotional distress. *Ruple, supra.*

■ Additionally, we note that the second element of the claim, whether the act was unreasonable, must be determined from the circumstances surrounding Murray's actions. *See, e.g.,* Restatement (Second) of Torts § 46, Comment e (1965) (Landlords have been held liable for emotional distress caused by abuse of their position). Actions which may not make the actor liable in one situation may make him liable in another. *Id.* A jury question was created concerning the reasonableness of Murray's actions. Accordingly, the sum-

mary judgment is reversed and the cause remanded for trial.

All the Justices concur.

HERTZ, Circuit Judge, acting as a Supreme Court Justice, not participating.