**Nalonni PETERSEN, Plaintiff and Appellant,**

v.

**SIOUX VALLEY HOSPITAL ASSOCIATION, Defendant and Appellee.**

No. 17570.

Supreme Court of South Dakota.

Considered on Briefs on Rehearing Aug. 31, 1992.

Decided Oct. 21, 1992.

Rita Haverly Allen of Hagen, Wilka, Schreier & Archer, P.C., Sioux Falls, for plaintiff and appellant.

Michael L. Luce and Susan Jansa Brunick of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellee.

SABERS, Justice.

On April 22, 1992, in *Petersen v. Sioux Valley Hosp. Ass'n*, 486 N.W.2d 516 (S.D. 1992), reh'g granted, 491 N.W.2d 467 (1992), (*Petersen I*), we reversed the trial

court's grant of summary judgment in favor of Hospital on Petersen's cause of action for intentional infliction of emotional distress. Hospital filed a petition for a rehearing on the ground that *Petersen I* overlooked and failed to consider *Tibke v. McDougall*, 479 N.W.2d 898 (S.D.1992). *Petersen I* failed to cite to *Tibke*, in part, because *Tibke*, while encompassing intentional infliction of emotional distress, failed to cite to South Dakota precedent regarding reckless infliction of emotional distress as found in *Wangen v. Knudson*, 428 N.W.2d 242 (S.D.1988).

In considering the petition for rehearing, we refer the reader to the facts as set forth in *Petersen I.*

## ISSUE

Whether intentional infliction of emotional distress includes reckless conduct resulting in emotional distress.

In *Wangen v. Knudson*, 428 N.W.2d 242 (S.D.1988), this court cited with approval the Restatement (Second) of Torts[1] and specifically found that the tort of intentional infliction of emotional distress imposes liability on the defendant for intentional *and* reckless conduct resulting in emotional distress. In defining reckless conduct, we stated:

> Liability may attach where a defendant engages in 'reckless' conduct, conduct which constitutes a deliberate disregard of a high degree of probability that the emotional distress will follow.

*Id.* at 248 (citing Restatement (Second) of Torts § 46 cmt. i (1965)).

The elements necessary to establish a prima facie case for intentional infliction of emotional distress as stated in *Tibke v. McDougall* include:

(1) an act by defendant amounting to extreme and outrageous conduct;

(2) intent on the part of the defendant to cause plaintiff severe emotional distress;

(3) the defendant's conduct was the cause in-fact of plaintiff's injuries; and

(4) the plaintiff suffered an extreme disabling emotional response to defendant's conduct.

*Tibke*, 479 N.W.2d at 906; (citing *Mackintosh v. Carter*, 451 N.W.2d 285 (S.D.1990)); *Groseth Int'l, Inc. v. Tenneco, Inc.*, 410 N.W.2d 159, 169 (S.D.1987) (*Groseth I*) (citing *Alsteen v. Gehl*, 21 Wis.2d 349, 124 N.W.2d 312 (1963)). In *Tibke*, we specifically adopted the elements outlined in *Groseth I* and *Mackintosh* and rejected the "broader rule"[2] found in *Ruple v. Brooks*, 352 N.W.2d 652, 654 (S.D.1984); *Ruane v. Murray* 380 N.W.2d 362, 364 (S.D.1986); and *Groseth Int'l, Inc. v. Tenneco, Inc.*, 440 N.W.2d 276, 280 (S.D.1989) (*Groseth II*). We did not discuss, however, the inclusion or exclusion of liability for reckless conduct within the tort of intentional infliction of emotional distress because the issue was not before us.

While we noted in *Tibke* that this court has cited, with approval, the elements as outlined in *Alsteen v. Gehl*, 21 Wis.2d 349, 124 N.W.2d 312 (1963), this court has never explicitly rejected, as did *Alsteen*, the Restatement (Second) of Torts standard of liability incorporating reckless infliction of emotional distress within the rule. In fact, this court has consistently looked toward the reasonableness of the defendant's behavior in determining liability on his part. *See Groseth Int'l, Inc. v. Tenneco, Inc.*, 410 N.W.2d 159, 169 (S.D.1987).[3] *See also*

---

1. The Restatement (Second) of Torts provides: One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.
   Restatement (Second) of Torts § 46(1) (1965).

2. The necessary elements of the "broader rule" include (1) that the act was intentional; (2) that

it was unreasonable; and (3) that the actor should have recognized it as likely to result in illness (emotional distress).

3. "The trial court did not find any evidence of *unreasonable* conduct by IHC *or* any evidence that IHC's discontinuation of the Groseth franchise was *intended* or *calculated* to cause any mental distress." *Groseth*, 410 N.W.2d at 169. (Emphasis added.)

*Mackintosh v. Carter,* 451 N.W.2d 285, 287 (S.D.1990).

In *Petersen I,* we reiterated the elements as outlined in *Tibke.* Consistent with the Restatement (Second) of Torts and previous case law, we also noted that the tort of intentional infliction of emotional distress includes liability on the part of the defendant for reckless conduct resulting in emotional distress.[4] We maintain this position.

Because *Tibke* did not address reckless infliction of emotional distress, we take this opportunity to clarify the law in South Dakota regarding this tort. While we adhere to the elements outlined in *Tibke,* we also adhere to *Wangen* and specifically find that the tort of intentional infliction of emotional distress encompasses liability for reckless infliction of emotional distress as stated therein.

MILLER, C.J., and, AMUNDSON, J., concur.

HENDERSON, J., concurs with a writing.

WUEST, J., dissents.

HENDERSON, Justice (concurring).

I write to express that I did not participate in the *Tibke* decision. I voted for a Petition for Rehearing, in this case, because our first decision in *Petersen* could not be reconciled with *Tibke.* *Tibke* was decided one week prior to oral argument in this case.

I subscribe to the holding in *Wangen* and the majority opinion herein. The facts here justify that there was, and is, a question of fact for a jury on the intentional infliction of emotional distress.

WUEST, Justice (dissenting).

I dissented in *Petersen I* and dissent herein for the same reasons; see my dissent therein for my rationale. *Petersen I,* 486 N.W.2d at 521. In my opinion, the majority in this case has adopted a rule so liberal every employer in South Dakota is likely to be sued for intentional infliction of emotional distress.

In *Petersen I,* my dissent makes clear that according to Petersen's own testimony, the defendant's conduct would not satisfy either the intent standard of *Groseth* and *Mackintosh* or the reckless standard set forth by *Wangen.* *Groseth I,* 410 N.W.2d at 169; *Mackintosh,* 451 N.W.2d at 281; *Wangen,* 428 N.W.2d at 248. The conduct of the defendants in *Wangen* was far more grievous than the defendant's conduct in *Petersen I.* Wangen was suffering from, and receiving medical treatment for, severe depression. The defendants were aware of the illness and medical treatment. There is nothing in this record showing Petersen was mentally ill or suffering from severe depression. There is nothing indicating Petersen was receiving any medical treatment for depression. Wangen's severe depression was the means by which the majority distinguished that case from *Northrup* and *Hubbard.* *Northrup v. Farmland Industries, Inc.,* 372 N.W.2d 193 (Ia.1985); *Hubbard v. United Press, Inc.,* 330 N.W.2d 428 (Minn. 1983). Therefore, in my opinion, *Petersen I* and *Wangen* are clearly distinguishable.

In *Tibke,* written four years after *Wangen,* this court tried to establish consistency in our decisions on intentional infliction of emotional distress. *Tibke,* 479 N.W.2d at 907. Writing for the court, Judge Bradshaw analyzed the inconsistencies in our previous decisions[1] and straightened them

---

[4] We stated, in *Petersen I,* that
[n]othing in the record reflects that Karel was intentionally extreme or outrageous.... However, when viewing the evidence most favorably to Petersen, the failure to warn her as to the nature of the September meeting could be considered reckless, given Karel's knowledge of Petersen's fear of confrontational group meetings. Petersen argues that this and other conduct was intentional and reckless in view of her nature and condition.

Where reasonable minds differ, it is for the jury to determine, not the circuit court nor this court.
*Petersen,* 486 N.W.2d at 519–20. (Citation omitted.)

[1] I dissented in *Petersen v. Sioux Valley Hosp Ass'n,* 486 N.W.2d 516 (S.D.1992), *French v. Dell Rapids Community Hosp.,* 432 N.W.2d 285 (S.D. 1988) and *Groseth Int'l, Inc. v. Tenneco, Inc.,* 410 N.W.2d 159 (S.D.1987) (*Groseth I*).

out. Before the ink on *Tibke* was dry, the majority in *Petersen I*, without citing *Tibke*, followed the previous rule stated in *Wangen*.[2] When the inconsistency of the majority opinions in *Petersen I* and *Tibke* was pointed out in a petition for rehearing, the court granted this rehearing. Now, the majority tries to reconcile the inconsistency by claiming both rules are applicable. In *Tibke*, this court declared "[w]e have vacillated in our prior opinions setting forth the elements of this tort. The bench and bar of this state are entitled to a definitive delineation of the elements of the tort of intentional infliction of emotional distress." *Tibke*, 479 N.W.2d at 907. I concurred in

that opinion and feel it is even more applicable in light of the latest equivocation concerning the elements of this tort. In my opinion, the majority should abide by *Tibke*, which is the better rule, admit a mistake was made in *Petersen I* and affirm the grant of summary judgment by the trial court.

**2.** In *Petersen I*, the majority notes *Wangen* modified the holding of *Groseth I*. I was disqualified from the *Wangen* case, but would probably have dissented to changing the standard set forth in our previous decisions.