Rodney BROSAMLE and Marllys Brosamle, Appellees,

v.

MAPCO GAS PRODUCTS, INC., d/b/a Thermogas Company, Appellant.

Jeff BROSAMLE, Intervenor–Appellee,

v.

MAPCO GAS PRODUCTS, INC. d/b/a Thermogas Company, Appellant.

No. 87–688.

Supreme Court of Iowa.

Aug. 17, 1988.

Robert Kohorst of Kohorst Law Firm, Harlan, for appellant.

William Kevin Stoos and James R. Villone of Klass, Hanks, Stoos, and Carter, Sioux City, for appellees.

Considered by SCHULTZ, P.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.

NEUMAN, Justice.

The sole question posed by this appeal is whether voluntary dismissal of a lawsuit against a defendant employee "with prejudice" exonerates a defendant employer who may be liable on the same claim under a theory of respondeat superior. The district court concluded that such a dismissal did not operate to release the employer from liability, and denied defense motions for directed verdict premised on that ground. We affirm.

I. The facts giving rise to this controversy are not disputed. Plaintiffs Rodney and Marllys Brosamle (Brosamles) sued Mapco Gas Products, Inc., and its employee, Joe Hopkins, for injuries Brosamles sustained in connection with a propane gas explosion. The suit alleged that Hopkins, while acting within the scope of his employment, negligently overfilled the Brosamles' propane storage tank, thereby causing the explosion and fire that led to their injuries.

Because Hopkins was essentially judgment proof, Brosamles dismissed him from the suit without prejudice the day before trial was scheduled to begin. In response, Mapco sought to remove the case to federal court based on the diversity of citizenship of the remaining parties. *See* 28 U.S.C. § 1332 (1982).

Mapco did not advise Brosamles or the district court that it had instituted the removal action, fearing Brosamles would attempt to defeat the removal by reinstating Hopkins as a defendant. Thus the trial in state court proceeded for two days until trial was suspended so that Mapco's petition for removal could be heard in federal court.

Though the removal action was ultimately unsuccessful, counsel for Brosamles agreed, during those proceedings, to dismiss Hopkins with prejudice as evidence of their intent not to pursue a separate trial against him. When the case was remanded to the Iowa district court, Brosamles filed the following dismissal:

COME NOW Plaintiffs and Intervenor and dismiss their claims against Defendant, Joe Hopkins, *only* in this case with prejudice. Plaintiffs and Intervenor *do not* hereby intend to dismiss their claims against Defendant MAPCO GAS PRODUCTS, INC. DBA THERMOGAS COMPANY.

(Emphasis in original).

Trial resumed. At the close of plaintiffs' case, Mapco moved for directed verdict. It claimed that under Iowa Rule of Civil Procedure 217, the dismissal of Hopkins with prejudice operated as an adjudication on the merits of Brosamles' claim against him. Thus, argued Mapco, principles of res judicata barred recovery against the company under the theory of respondeat superior as a matter of law.

The district court summarily denied Mapco's motion and submitted plaintiffs' specifications of Hopkins' negligence to the jury for their determination of Mapco's liability. Mapco has appealed from the resulting adverse judgment. Our review of that judgment is limited to the correction of errors at law. Iowa R. App. P. 4.

II. Mapco contends that where the liability of an employer is based on the negligent acts of its employee, a voluntary dismissal of the employee with prejudice exonerates and effectively declares the employee's actions not wrongful; hence, it also exonerates the employer. In response, Brosamles concede that their dismissal of Hopkins effectively terminated their cause

of action against *him,* but they argue the dismissal specifically reserved their derivative claim against Mapco stemming from Hopkins' conduct. To construe the dismissal otherwise, Brosamles claim, would distort the nature of res judicata.

■ A number of well established principles bear on the question posed by this appeal, but none directly answer it. We begin with the familiar principle of respondeat superior which holds that a master is liable for the negligent acts of a servant. *See Maine v. James Maine & Sons Co.,* 198 Iowa 1278, 1279, 201 N.W. 20, 21 (1924). Under this scheme of vicarious liability, the master has no liability unless the servant is liable. *Id.* This is a fundamental limitation of the doctrine. Nonetheless, at common law the master and servant may *each* and *both* be liable for a servant's tort committed in the course of employment. *Graham v. Worthington,* 259 Iowa 845, 865–67, 146 N.W.2d 626, 640–41 (1966). The right of an injured party to sue and hold the employer liable is, in effect, a direct or primary right. *Id.* Consequently, we have said "[t]he servant is not a necessary party to an action against the master." *Wiedenfeld v. Chicago & North Western Transp. Co.,* 252 N.W.2d 691, 695 (Iowa 1977) (citations omitted). In *Wiedenfeld* we held that a plaintiff's failure to sue certain railroad employees did not immunize the railroad from liability for their negligence, or other employees' negligence, if properly pled and proven. *See id.*

Against this backdrop, we examine Mapco's claim under the second relevant principle, res judicata. Rule 217 of the Iowa Rules of Civil Procedure provides:

> All dismissals not governed by R.C.P. 215 or not for want of jurisdiction or improper venue, shall operate as adjudications on the merits unless they specify otherwise.

As Mapco aptly notes, we have frequently held that a voluntary dismissal with prejudice under rule 217 "will sustain a plea of res judicata if the other elements of the doctrine are present." *Bloom v. Steeve,* 165 N.W.2d 825, 827 (Iowa 1969) (citation omitted); *accord Buckingham v. Federal Land Bank Ass'n,* 398 N.W.2d 873, 876 (Iowa 1987) (preclusive effect applied when case dismissed prior to trial); *Jordan v. Stuart Creamery, Inc.,* 258 Iowa 1, 4, 137 N.W.2d 259, 261 (1965) (dismissal without actual trial can be basis of plea of res judicata); *Butler v. Butler,* 253 Iowa 1084, 1110–12, 114 N.W.2d 595, 611 (1962) (consent judgment resulting in dismissal with prejudice has same effect as bar had case gone to trial and judgment).

■ As for satisfying "the other elements of the doctrine," we are uncertain from the authorities Mapco cites whether it is relying on res judicata as *claim* preclusion or *issue* preclusion, the latter being sometimes called collateral estoppel. Although the estoppel principle underlying the two concepts is the same—generally, to limit successive litigation where there is identity of parties, claims, or issues—the requirements for establishing each bar are decidedly different. *See generally Selchert v. State,* 420 N.W.2d 816, 818 (Iowa 1988). Claim preclusion "applies when a litigant has brought an action, an adjudication has occurred, and the litigant is thereafter foreclosed from further litigation on the claim.... Insufficient identity of the parties will defeat application of the doctrine." *Id.* (citations omitted). Issue preclusion, on the other hand, "prevents parties to a prior lawsuit from relitigating in a subsequent action issues raised and resolved in the previous suit. As its name implies, the focus of the doctrine is on identity of issues, not parties." *Id.* (citations omitted).

■ Our uncertainty about Mapco's theory need not detain us, for we are persuaded that neither form of res judicata properly fits the case before us. It is undisputed that the dismissal was filed without settlement or adjudication of Hopkins' fault. Procured at Mapco's behest, the dismissal's intended effect was merely to terminate the possibility of future litigation against Hopkins. Under these circumstances, strict application of rule 217's "adjudication on the merits" language would go well beyond the purpose of res judicata —the avoidance of duplicitous litigation—

whether asserted as claim or issue preclusion. Moreover, "[b]ecause a corporation can act only through its agents," plaintiffs in respondeat superior cases would routinely face the risk of default anytime they dismissed an employee otherwise unnecessary to the suit. *See Wiedenfeld*, 252 N.W.2d at 695. In other words, blind adherence to our prior interpretation of rule 217 would, in this case, serve to summarily terminate Brosamles' litigation against Mapco in the first instance. We find such a result contrary to the rationale underlying rule 217.

We are aware of only one other state that has addressed the question of the effect of a dismissal with prejudice in the context of a respondeat superior claim. In *Cantrell v. Henderson*, 718 P.2d 318 (Mont.1986), the Montana Supreme Court reversed its rigid dismissal with prejudice rule, expressing concerns that mirror our own:

> We conclude that the better rule is that dismissal of a defendant "with prejudice" does not release other defendants who may be liable under a theory of respondeat superior, unless the document intends to do so, or the payment is full compensation, or the release expressly so provides. This [conclusion] ... reflects the tactical reality of dismissals of less than all defendants in multi-party tort litigation. It also reflects the inappropriateness in modern practice of an interpretation which finally disposes of substantive issues based on a technical misstep by counsel.

*Id.* at 321; *see also Vandever v. Junior College Dist. of Kansas City*, 708 S.W.2d 711, 715 (Mo.App.1986) (upholding Missouri rule that dismissal with prejudice only bars future litigation of same claim against same party). *But see DeGraff v. Smith*, 62 Ariz. 261, 269–70, 157 P.2d 342, 345–46 (1945) (consent dismissal, tantamount to judgment on merits, is res judicata as to every issue reasonably raised by pleadings.)

On balance, we find the Montana court's reasoning most persuasive. Without departing from our prior pronouncements concerning the effect of a rule 217 dismissal, we recognize this narrow distinction: Where, as here, the employee is not a necessary party to an action against an employer, dismissal of the employee will not be construed as an adjudication on the merits of the employee's fault (and, hence, the employer's liability) unless the dismissal expressly so provides. We think this interpretation of rule 217 serves the principles underlying both our laws of respondeat superior and res judicata better than the rigidly technical application advanced by Mapco.

Because the district court's ruling on Mapco's motion for directed verdict was consistent with the conclusion we have reached in this opinion, it is hereby affirmed.

AFFIRMED.