Carolyn BECKER, Craig Becker, and Jane Becker, Appellants,

v.

Theresa L. BECKER and Doe Defendants 1–6, Appellees.

No. 98–829.

Supreme Court of Iowa.

Dec. 22, 1999.

John M. Trewet of Rutherford, Trewet & Peterson, Atlantic, for appellants.

John L. Timmons of Singer, Pasley, Holm, Timmons, Mathison & Curtis, Ames, for appellees.

Considered by LARSON, P.J., and LAVORATO, SNELL, CADY, JJ., and HARRIS,* S.J.

HARRIS, Senior Judge.

The question is whether a prior dismissal of this litigation was with or without prejudice. The district court determined the prior dismissal barred reinstitution of the same litigation and we agree.

■ On March 10, 1997, the Beckers, a minor and her parents, filed their petition in this tort suit for injuries allegedly sustained at a basketball camp run by defendant, Theresa Becker, no relation to the plaintiffs. The matter languished in extended limbo because original notice was not served until 171 days later, on August 28, 1997. On defendants' motion, the action was dismissed on October 7, 1997, on a finding of abusive delay of process. Because there was no appeal from the dismissal, it became the law of the case, though we observe the dismissal was undoubtedly correct. We have consistently held that the delay of service beyond 120 days after filing is presumptively abusive. *See Henry v. Shober*, 566 N.W.2d 190, 192 (Iowa 1997); *Alvarez v. Meadow Lane Mall Ltd. Partnership*, 560 N.W.2d 588, 591 (Iowa 1997). Suit may be dismissed for failure to comply with the requirements of Iowa rule of civil procedure 49 if a delay in service is deemed presumptively abusive. *Id.*

The Beckers refiled their petition as a new action and, in the order challenged by the present appeal, it was again dismissed. The court ruled that, because the order dismissing the first action did not state the dismissal was without prejudice, and the dismissal was not voluntary, for improper venue, or for want of jurisdiction, it was deemed an adjudication on the merits pursuant to Iowa rule of civil procedure 217.[1] The present dismissal was with prejudice. The matter is before us on plaintiffs' appeal.

■ Iowa rule of civil procedure 217 provides that, with three exceptions, all dismissals not specifying otherwise shall operate as adjudications on the merits. Because the October 7, 1997, order did not provide that the dismissal was without prejudice, it operates as an adjudication on the merits unless the Beckers qualify under one of the three exceptions. Clearly, and the Beckers do not contend otherwise, the dismissal was not a voluntary dismissal under rule of civil procedure 215, or on the basis of improper venue under rule of civil procedure 167. The Beckers posit their appeal solely on the remaining exception: a claim the first dismissal was for want of jurisdiction. They assert that jurisdiction was wanting on the precise basis of the dismissal-their failure to complete process.

The district court correctly saw the argument as fundamentally flawed for at least two reasons. In the first place, escape under any of rule 217's three exceptions must rest on the reason for the dismissal. The original dismissal was grounded solely on abuse of process, not on a finding relating to jurisdiction. In the second place, the original dismissal was addressed to the plaintiffs who were obviously under the dismissing court's jurisdiction.

To accept the plaintiffs' contention would stand rule of civil procedure 217 on its head. The district court properly rejected it.

**AFFIRMED.**

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

1. Iowa rule of civil procedure 217 provides: **Effect of dismissal.** All dismissals not governed by R.C.P. 215 or not for want of jurisdiction or improper venue, shall operate as adjudications on the merits unless they specify otherwise.