IN THE SUPREME COURT OF IOWA

 No. 143 / 04-0973

 Filed January 27, 2006

RICHARD TYLER DICKENS, Individually
and as Special Executor for the ESTATE
OF SHARON KENYON,

 Appellant,

vs.

ASSOCIATED ANESTHESIOLOGISTS, P.C.,

 Appellee.

 On review from the Iowa Court of Appeals.

 Appeal from the Iowa District Court for Polk County, Don C. Nickerson,
Judge.

 Plaintiff appeals the dismissal of his medical negligence action.
DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND
CASE REMANDED.

 Christopher Kragnes, Sr., and Tiffany Koenig of Kragnes, Tingle &
Koenig, P.C., Des Moines, for appellant.

 Loree A. Nelson and Barry G. Vermeer of Gislason & Hunter, LLP,
Des Moines, for appellee.

WIGGINS, Justice.
 Richard Tyler Dickens filed a medical negligence action individually
and on behalf of the estate of his deceased wife, Sharon Kenyon, against
her health care providers including Associated Anesthesiologists, P.C., and
its employees, Dr. John C. Jabour and Rebecca Meyer, seeking damages in
connection with Sharon’s death. The district court dismissed Jabour and
Meyer with prejudice after Dickens failed to serve them with an original
notice within ninety days after filing his petition. After the dismissal
of Jabour and Meyer, the district court granted Associated
Anesthesiologists’ motion for summary judgment on the grounds the dismissal
of Jabour and Meyer precluded litigation on the claims against Associated
Anesthesiologists. The court of appeals affirmed the district court’s
judgment. Because the dismissal of Jabour and Meyer did not preclude
Dickens’ action against Associated Anesthesiologists, we vacate the
decision of the court of appeals, reverse the judgment of the district
court, and remand the case for further proceedings consistent with this
opinion.
 I. Background Facts and Proceedings.
 In his petition, Dickens alleged his wife died as a result of the
negligence of various defendants, including anesthesiologist Jabour,
certified registered nurse anesthetist Meyer, and their employer Associated
Anesthesiologists. Dickens served Associated Anesthesiologists with an
original notice. Associated Anesthesiologists filed a timely answer.
Jabour and Meyer claimed Dickens did not properly serve them with an
original notice, and they filed a motion to dismiss for Dickens’ failure to
serve them within ninety days after filing his petition as required by Iowa
Rule of Civil Procedure 1.302(5).[1] Dickens did not resist the motion.
The court granted the motion and entered an order dismissing the action
against Jabour and Meyer with prejudice.
 Associated Anesthesiologists then filed a motion for summary judgment
asserting that the dismissal of Jabour and Meyer was an adjudication on the
merits warranting dismissal of their employer, Associated
Anesthesiologists. After Associated Anesthesiologists filed its motion for
summary judgment, Dickens’ original counsel, Jeff Carter, withdrew from the
case due to a conflict. Dickens’ new counsel resisted the motion for
summary judgment and filed an affidavit signed by Carter supporting the
resistance. The affidavit stated Carter had conversations with Associated
Anesthesiologists’ counsel regarding the motion to dismiss in which he
agreed not to resist the motion to dismiss and agreed to a voluntary
dismissal of Jabour and Meyer, based on “the agreement with [Associated
Anesthesiologists’] counsel that there was no difference substantively to
the case because [Associated Anesthesiologists] was responsible for
[Jabour’s and Meyer’s] actions and [Jabour and Meyer] would be available as
witnesses in this matter.”
 Associated Anesthesiologists filed a response to the resistance and
attached an affidavit of its counsel. Counsel’s affidavit stated that
after the time had expired to file a resistance to the motion to dismiss,
she had a conversation with Carter. She stated Carter indicated he was not
concerned about the court dismissing Jabour and Meyer because Associated
Anesthesiologists would still be in the lawsuit. She denied making any
statements that Jabour’s and Meyer’s dismissal would not have a bearing on
Associated Anesthesiologists’ liability. She acknowledged that she wrote a
letter to Judge Robert Wilson, with a copy to Carter, noting that the
motion to dismiss was unresisted and asking for a ruling on the motion. A
month and a half went by without a ruling on the motion. Per the
instructions of the judge’s clerk, she sent a second letter to Judge
Wilson, with a copy to Carter. This letter contained an unsigned order
dismissing the case against Jabour and Meyer with prejudice, which Judge
Wilson signed.
 Prior to the ruling on the motion for summary judgment, Dickens’
second counsel withdrew because she left the private practice of law.
Dickens’ third and current counsel filed a motion for order nunc pro tunc
requesting the court to correct the prior order dismissing the action
against Jabour and Meyer with prejudice because the dismissal should have
been without prejudice under rule 1.302(5). Dickens filed this motion ten
months after the court filed the order dismissing the case. Associated
Anesthesiologists, Jabour, and Meyer resisted this motion.
 The district court granted Associated Anesthesiologists’ motion for
summary judgment and denied Dickens’ motion for order nunc pro tunc. The
court concluded the dismissal of Jabour and Meyer was not voluntary;
therefore, it was an adjudication on the merits pursuant to Iowa Rule of
Civil Procedure 1.946 precluding the action against their employer,
Associated Anesthesiologists, on the theory of respondeat superior. The
court further concluded an order nunc pro tunc would be improper not only
because the intent of such an order is to correct clerical errors rather
than alter judicial conclusions, but also in view of the time delay between
the dismissal and the filing of the motion for order nunc pro tunc.
 Dickens filed an application for interlocutory appeal. We denied the
application. Dickens then dismissed the remaining defendants from his
action without prejudice and filed his notice of appeal.
 We transferred the case to our court of appeals. The court of
appeals affirmed the district court’s granting of Associated
Anesthesiologists’ motion for summary judgment and its denial of Dickens’
motion for order nunc pro tunc. Dickens sought further review, which we
granted.
 II. Issue.
 The dispositive issue on appeal is whether the district court erred
in granting Associated Anesthesiologists’ motion for summary judgment.
Consequently, we will not discuss the district court’s denial of the motion
for order nunc pro tunc.
 III. Scope of Review.
 Dickens does not claim a genuine issue of material fact exists to
preclude summary judgment. Rather, he claims the district court erred in
concluding the ruling dismissing Jabour and Meyer was an adjudication on
the merits preventing him from proceeding against Associated
Anesthesiologists. Thus, the only issue on appeal concerns the legal
consequences of Jabour’s and Meyer’s dismissal. “Our review of a granting
or denying of a motion for summary judgment is for correction of errors at
law.” City of Cedar Rapids v. James Props., Inc., 701 N.W.2d 673, 675
(Iowa 2005).
 IV. Analysis.
 Dickens premises Associated Anesthesiologists’ liability on the
doctrine of respondeat superior. Under this doctrine, the employer is
vicariously liable for the negligent acts of its employees. Brosamle v.
Mapco Gas Prods., Inc., 427 N.W.2d 473, 475 (Iowa 1988). The doctrine
gives the injured party the right to sue the employer with or without
joining the employee as a party to the action. Id. One of the limitations
of the doctrine is that the employer has no liability unless the employee
is liable. Peppmeier v. Murphy, 708 N.W.2d 57, 63-64 (Iowa 2005);
Brosamle, 427 N.W.2d at 475. Therefore, we must decide if the employees’
dismissal precludes litigation on Dickens’ claims against their employer.
 Generally, a valid and final personal judgment rendered in favor of a
defendant is a bar to another action by the plaintiff on the same claim.
Peppmeier, 708 N.W.2d at 63; Restatement (Second) of Judgments § 19 (1982).
 An exception to the general rule exists when the judgment is a dismissal
for lack of jurisdiction. Burlington N. R.R. v. Bd. of Supervisors, 418
N.W.2d 72, 75 (Iowa 1988); Restatement (Second) of Judgments § 20(1)(a).
This exception will apply even if the dismissal specifies it is with
prejudice. Charchenko v. City of Stillwater, 47 F.3d 981, 985 (8th Cir.
1995); Restatement (Second) of Judgments § 20 cmt. d; accord Dep’t of
Revenue v. Ryan R., 816 N.E.2d 1020, 1023 (Mass. App. Ct. 2004); Trujillo
v. Acequia de Chamisal, 439 P.2d 557, 559 (N.M. Ct. App. 1968). The
Restatement (Second) of Judgments explains the rationale for the exception
in one of its comments. The comment provides:

 A court in dismissing on any of these grounds [for lack of
 jurisdiction, for improper venue, or for nonjoinder or misjoinder of
 parties] may specify that its decision is “with prejudice” or “on the
 merits,” or words to that effect. While there are instances in which
 a court may have discretion to determine that a judgment of dismissal
 shall operate as a bar . . . a judgment may not have an effect
 contrary to that prescribed by the statutes, rules of court, or other
 rules of law operative in the jurisdiction in which the judgment is
 rendered. Thus in a jurisdiction having a rule patterned on Rule
 41(b) of the Federal Rules of Civil Procedure, a dismissal for lack of
 jurisdiction, for improper venue, or for nonjoinder may not be a bar
 regardless of the specification made. And even in the absence of such
 a rule, a dismissal on any of these grounds is so plainly based on a
 threshold determination that a specification that the dismissal will
 be a bar should ordinarily be of no effect.
Restatement (Second) of Judgments § 20 cmt. d.
 The Restatement position is consistent with our case law governing
when the dismissal of an employee has a preclusive effect on an action
against the employer under a theory of respondeat superior. In one of our
cases, the district court granted the employee’s motion for summary
judgment. Peppmeier, 708 N.W.2d at 61. The employer claimed the ruling on
the motion for summary judgment exonerating the employee was a final bar as
to the liability of the employee and res judicata as to the claim against
the employer. Id. at 61, 64. There we held a summary judgment is a final
bar as to the liability of the employee; therefore, it is res judicata in
favor of the employer and the plaintiff could not proceed with her action
against the employer. Id. at 66.
 In another case, the plaintiffs voluntarily dismissed an employee with
prejudice, stating they did not intend to dismiss their claims against the
employer. Brosamle, 427 N.W.2d at 474. The employer claimed the dismissal
of the employee was an adjudication on the merits as to the claim against
the employee and was res judicata as to the claim against the employer.
Id. There we held the voluntary dismissal of the employee with prejudice
was not res judicata and plaintiffs could proceed with their action against
the employer. Id. at 474, 476. In reaching this conclusion, we agreed
with the reasoning of the Montana Supreme Court when it said:

 “We conclude that the better rule is that dismissal of a defendant
 ‘with prejudice’ does not release other defendants who may be liable
 under a theory of respondeat superior, unless the document intends to
 do so, or the payment is full compensation, or the release expressly
 so provides. This [conclusion] . . . reflects the tactical reality of
 dismissals of less than all defendants in multi-party tort litigation.
 It also reflects the inappropriateness in modern practice of an
 interpretation which finally disposes of substantive issues based on a
 technical misstep by counsel.”

Id. at 476 (alterations in original) (citation omitted).
 Applying these principles to the facts of this case, the dismissal of
Jabour and Meyer does not preclude Dickens from going forward with his
claims against Associated Anesthesiologists even though the district court
included the words “with prejudice” in its dismissal. Prior to January 24,
1998, our rules of civil procedure did not include a time limit for serving
an original notice. Our case law presumed a delay in service beyond 120
days after the filing of a petition was abusive. See Henry v. Shober, 566
N.W.2d 190, 192 (Iowa 1997) (finding a 169-day delay to be presumptively
abusive); Alvarez v. Meadow Lane Mall Ltd. P’ship, 560 N.W.2d 588, 591
(Iowa 1997) (finding a 159-day delay to be presumptively abusive). Our
case law further held that if the delay in service was presumptively
abusive and not justified, the court must dismiss the suit. Henry, 566
N.W.2d at 192; Alvarez, 560 N.W.2d at 591. At that time, a dismissal for
abusive delay of process was an adjudication on the merits and barred
refiling of the same action. Becker v. Becker, 603 N.W.2d 627, 628 (Iowa
1999).
 Effective January 24, 1998, we amended our rules of civil procedure to
provide:

 If service of the original notice is not made upon the
 defendant, respondent, or other party to be served within 90 days
 after filing the petition, the court, upon motion or its own
 initiative after notice to the party filing the petition, shall
 dismiss the action without prejudice as to that defendant, respondent,
 or other party to be served . . . .

Iowa R. Civ. P. 1.302(5) (emphasis added).[2] The adoption of rule
1.302(5) overruled our prior case law. Consequently, an action filed and
dismissed for failure to serve the original notice in a timely manner after
the effective date of this amendment is not a dismissal on the merits.
 Dickens filed his petition in August 2002. Although the district
court signed an order provided by defense counsel that included the words
“with prejudice,” factually the district court dismissed Jabour and Meyer
from the suit because Dickens failed to serve them within the ninety-day
time limit of rule 1.302(5). In other words, the district court dismissed
Jabour and Meyer from the lawsuit because the lack of service precluded the
court from obtaining personal jurisdiction over them. Rule 1.302(5)
specifically provides such a dismissal is not a dismissal on the merits.
Under our case law and the Restatement, a dismissal for lack of
jurisdiction is not res judicata and is not the type of dismissal that
would preclude Dickens from proceeding on his claims against Associated
Anesthesiologists. See Burlington N. R.R., 418 N.W.2d at 75; Restatement
(Second) of Judgments § 20(1)(a). Accordingly, the district court should
not have granted Associated Anesthesiologists’ motion for summary judgment.
 V. Disposition.
 Because the dismissal of Jabour and Meyer did not preclude the
litigation of Dickens’ claims against Associated Anesthesiologists, we
vacate the decision of the court of appeals, reverse the judgment of the
district court, and remand the case for further proceedings consistent with
this opinion.
 DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT
REVERSED AND CASE REMANDED.
-----------------------
 [1] The motion cited Iowa Rule of Civil Procedure 1.302(6). We
renumbered this rule as rule 1.302(5), effective February 1, 2003. All
references in this opinion will be to rule 1.302(5).
 [2] When we adopted this amendment in 1998, we numbered it as Iowa
Rule of Civil Procedure 49(f). Effective February 15, 2002, we renumbered
it as rule 1.302(6). Effective February 1, 2003, we renumbered it as rule
1.302(5).