# IN THE COURT OF APPEALS OF IOWA

No. 18-0473
Filed January 9, 2019

**JUDITH K. BUCKNER and MARK A. BUCKNER,**
    Plaintiffs-Appellees,

**vs.**

**GREAT SOUTHERN BANCORP, INC., d/b/a GREAT SOUTHERN BANK, A Missouri Corporation,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

In this interlocutory appeal, the defendants challenge the district court's denial of a pre-answer motion to dismiss the plaintiffs' personal-injury action for failure to serve process. **REVERSED AND REMANDED.**

J. Scott Bardole of Andersen & Associates, West Des Moines, for appellant.

Emilie Roth Richardson of Roth Law Office, PC, Dubuque, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Iowa Rule of Civil Procedure 1.302(5) requires a plaintiff to serve a defendant with an original notice of the filing of a petition "within 90 days after" the filing. If service is not made within this time frame, the district court "shall dismiss the action without prejudice as to that defendant, respondent, or other party to be served or direct an alternate time or manner of service." Iowa R. Civ. P. 1.302(5). "If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period." *Id.*

Judith and Mark Buckner filed a personal injury action against Great Southern Bancorp, Inc., d/b/a Great Southern Bank ("Great Southern") on September 18, 2017. The final day for timely service on Great Southern was December 17, 2017. On January 19, 2018—over a month after the service deadline expired—the Buckners moved for an extension of time to serve Great Southern. They asserted, "Before and after filing the Petition at Law, Plaintiffs engaged in settlement discussions with Defendant's insurance adjuster [but] the negotiations were terminated by the insurance company on January 18, 2018." They claimed there was good cause to grant additional time and requested at least "an additional thirty (30) days to complete service." The district court summarily granted the motion and gave the Buckners thirty days to serve Great Southern. Service was completed within that time frame.

Great Southern moved to dismiss the petition, citing the Buckners' failure to complete service within ninety days, as required by rule 1.302(5). Great Southern also disputed the Buckners' assertion of ongoing settlement negotiations. The Buckners resisted the motion. They relied on the court order granting them an

extension of time to serve the original notice. In their view, "[t]here was good cause for the court to grant their motion to extend the time for service." The district court denied the motion to dismiss. The court reasoned that the Buckners "obtain[ed] an order from the court allowing an extension of time to serve the defendant" and there was "no prejudice to the defendant."

The Iowa Supreme Court granted Great Southern's application for interlocutory appeal and stayed further district court proceedings. The appeal was transferred to this court for disposition.

Great Southern contends the Buckners lacked good cause for late service of the petition. The Buckners reiterate that the order extending the time for service afforded them good cause for late service.

Good cause turns on "all the surrounding circumstances, including circumstances that would make it inequitable for a defendant to successfully move to dismiss." *Rucker v. Taylor*, 828 N.W.2d 595, 601 (Iowa 2013). Notwithstanding the reference to equity, our review of the order denying the motion to dismiss is for errors of law. *Id.* at 598. In evaluating the court's ruling, the critical question is whether the prior order extending time for service warranted denial of the motion to dismiss.[1]

---

[1] Although Great Southern did not appeal the extension order, the order was central to its dismissal motion and the Buckners' resistance and was the primary rationale behind the district court's denial of the dismissal motion. Accordingly, we may review the extension order. *See Carroll v. Martir*, 610 N.W.2d 850, 857 (Iowa 2000) ("The defendants correctly assert that the district court was not prohibited from revisiting its earlier determination that justification existed for the delay of service in this case. The authority to do so is particularly appropriate in circumstances in which, as here, the initial ruling is made ex parte. Simply put, it would seem appropriate for a court to revisit a prior ex parte ruling once all the relevant parties are before it."); *Feldhacker v. West*, No. 12-2003, 2013 WL 3855694, at *4 (Iowa Ct. App. July 24, 2013) ("Because both rulings centered on the rule 1.302(5) good cause issue, we believe plaintiffs' motion to extend and West's motion to

The extension motion precipitating the extension order was unquestionably untimely. *See Meier v. Senecaut*, 641 N.W.2d 532, 543 (Iowa 2002) (stating rule "requires the plaintiff to take affirmative action to obtain an extension or directions from the court if service cannot be accomplished"); *Oetken v. Guerrero*, No. 07-2091, 2008 WL 4308134, at *2 (Iowa Ct. App. Sept. 17, 2008) (presupposing "timely motion for extension of [t]he service deadline"). And, as noted, Great Southern disputed the reason asserted by the Buckners for seeking a belated extension. Specifically, Great Southern attached an affidavit and documents to its dismissal motion contesting the Buckners' assertion that the parties were engaged in settlement negotiations. *See Rucker*, 828 N.W.2d at 598–99 (stating while case pleadings ordinarily form the outer boundaries of material to be evaluated in a motion to dismiss, when the motion is based on failure to provide timely service, a court may consider facts outside the pleadings).

An employee of Great Southern's insurer attested that the Buckners were offered $5000 to settle the suit after it was filed but before Great Southern was served.[2] Days after the offer was made, the Buckners requested and obtained video footage of the accident. The insurer had "no further contact with" the Buckners' attorney until January 18, 2018, when counsel informed the insurer the Buckners rejected the $5000 offer. One day later, the Buckners filed their motion to extend the time for service of process. In short, Great Southern asserted there

---

dismiss present two sides to the same coin for error preservation purposes. After the court's good cause finding, West revisited the issue through his motion to dismiss, which was ruled on by the district court.").

[2] The fact Great Southern knew of the lawsuit is irrelevant. *See Henry v. Shober*, 566 N.W.2d 190, 192 (Iowa 1997); *accord Rucker*, 828 N.W.2d at 603.

were no ongoing settlement negotiations that might have prompted the Buckners to delay service.

Notably, the Buckners agreed with the facts as outlined in the insurer's affidavit. In their resistance to Great Southern's motion to dismiss, they stated, "The adjuster made a settlement offer right after the case was filed." And they stated, "On or about January 18, 2018, *Plaintiffs rejected the settlement offer* and requested to resolve the matter. Then the adjuster stated since there was no service completed any offers were off the table. Plaintiffs then immediately moved the court for additional time to serve Defendants." (Emphasis added.) Although the Buckners asserted the insurer "kept communicating with the Plaintiffs' attorney by providing information relevant to the claim even after suit was filed," they did not explain why they allowed the ninety-day service period prescribed by rule 1.302(5) to expire before rejecting the $5000 settlement offer.

We conclude the order extending the time for service was not supported by good cause. *See Henry*, 566 N.W.2d at 193 (concluding "settlement negotiations, even if done in good faith, do not constitute adequate justification or good cause for delaying service"), *superseded by rule as recognized in Dickens v. Associated Anesthesiologists*, *P.C.*, 709 N.W.2d 122, 127 (Iowa 2006); *but cf. Rucker*, 828 N.W.2d at 603 ("[T]he action by the insurance representative in this case in continuing to negotiate with Rucker's attorney with knowledge that Rucker did not plan to timely serve the petition made it inequitable for the Taylors to subsequently seek dismissal of the case . . . ."); *Wilson v. Ribbens*, 678 N.W.2d 417, 418 (Iowa 2004) (concluding "the district court erred in failing to correctly recognize that *an agreement not to effect timely service* may constitute 'good cause' for failing to

effect service within the ninety-day period required by the rules of civil procedure" (emphasis added)); *Feldhacker,* 2013 WL 3855694, at *5–6 (concluding the totality of the circumstances supported the district court's finding of good cause where the parties were engaged in ongoing settlement negotiations, the plaintiffs had difficulty gathering medical evidence, and the plaintiffs made unsuccessful efforts to serve notice within the final days of the ninety-day deadline). We further conclude that, because the extension order was unsupported by good cause, it could not serve as the basis for denying Great Southern's motion to dismiss.

Nor are we persuaded that the denial of the dismissal motion may be affirmed on the ground that Great Southern suffered no prejudice by the late service. As the Iowa Supreme Court stated in *Henry,* "Even if State Farm had actual knowledge that a petition would be filed or was filed, or it was not prejudiced by the delay in service, Iowa Rule of Civil Procedure [1.302(5)] still requires service of an original notice and petition upon the defendant." 566 N.W.2d at 192.

We reverse the order denying Great Southern's motion to dismiss and remand for dismissal of the petition.

**REVERSED AND REMANDED.**