#28751-r-LSW
**2019 S.D. 34**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

KIMBERLYNN DAWN CAMERON,                Plaintiff and Appellant,

    v.

JASON ADAM OSLER                Defendant,

    and

WASTE CONNECTIONS OF
SOUTH DAKOTA, INC.,                Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE CRAIG A. PFEIFLE
Judge

\* \* \* \*

MICHAEL W. STRAIN of
Strain Morman Law Firm
Sturgis, South Dakota                Attorneys for plaintiff and
                appellant.


CASSIDY M. STALLEY of
Lynn, Jackson, Shultz
   & Lebrun, P.C.
Rapid City, South Dakota                Attorneys for defendant and
                appellee.

\* \* \* \*

CONSIDERED ON BRIEFS ON
APRIL 29, 2019
OPINION FILED **06/19/19**

#28751

WILBUR, Retired Justice

[¶1.]     After being injured in a car accident, Kimberlynn Cameron brought suit against Jason Osler.  She subsequently filed an amended summons and complaint, adding a claim for vicarious liability and naming Osler's employer, Waste Connections of South Dakota, Inc., as a defendant.  However, Cameron failed to timely serve Osler, and he was dismissed from the suit, leaving only Waste Connections as a defendant.  Waste Connections filed a motion to dismiss, asserting Cameron's failure to timely serve Osler precluded suit against Waste Connections.  The circuit court agreed and granted Waste Connections' motion to dismiss.  Cameron appeals.  We reverse.

## Background

[¶2.]     Osler and Cameron were in an automobile accident on September 23, 2014.  When the accident occurred, Osler was operating a vehicle owned by his employer, Waste Connections.  Cameron claimed she was injured as a result of the accident and that Osler was at fault.  On August 29, 2017, she filed a summons and complaint against only Osler.  She delivered the summons and complaint to the local sheriff's office to be served upon Osler.  However, Osler was never served with the summons and complaint because he could not be located.

[¶3.]     Cameron obtained new counsel and, shortly before the statute of limitations expired on her claim, she filed an amended summons and complaint.  She named Waste Connections as a defendant and added a claim of vicarious liability against Waste Connections based on Osler's negligence.  Cameron timely

-1-

served Waste Connections with the amended summons and complaint, but she did not timely serve Osler. The suit against Osler was ultimately dismissed.

[¶4.] Waste Connections, in its answer to Cameron's suit, asserted the statute of limitations as a defense. It also filed a motion to dismiss, arguing that it could not be held vicariously liable for Osler's conduct because Osler had been adjudicated not negligent based on the suit being dismissed against him with prejudice. In response, Cameron argued that dismissal of Osler did not affect her suit against Waste Connections because Osler was not a necessary party. In her view, she needed only to prove Osler acted negligently and did so within the scope of his employment, not that Osler could be held personally liable.

[¶5.] After a hearing and after considering the parties' briefs, the circuit court granted Waste Connections' motion to dismiss. Cameron appeals, asserting the circuit court erred. We review de novo whether the circuit court erred in granting the motion to dismiss. *Wojewski v. Rapid City Reg'l Hosp. Inc.*, 2007 S.D. 33, ¶ 11, 730 N.W.2d 626, 631.

## Analysis

[¶6.] Waste Connections' liability, if any, arises from the doctrine of respondeat superior. "The ancient doctrine of *respondeat superior* is well established as 'holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency.'" *Kirlin v. Halverson*, 2008 S.D. 107, ¶ 12, 758 N.W.2d 436, 444 (quoting Black's Law Dictionary (8th ed. 2004)). The employer's liability is merely a derivative of the employee's. *See Estate of Williams v. Vandeberg*, 2000 S.D. 155, ¶ 12, 620

N.W.2d187, 190. Therefore, we have held that a plaintiff cannot proceed against an employer when the negligent employee has been released via a settlement with the plaintiff. *Id.* This is because "the release of the culpable party extinguishes any liability of the non-guilty principal." *Id.* ¶ 14 (citing *Theophelis v. Lansing Gen. Hosp.*, 424 N.W.2d 478, 480 (Mich. 1988)).

[¶7.] Here, however, there has been no settlement and release of Osler. Rather, Cameron's suit against Osler has been dismissed because the statute of limitations expired on her claim against Osler. We have not before examined whether a plaintiff can proceed against an employer when the plaintiff's suit against the employee has been dismissed as time barred. According to Osler, multiple courts have held that such suit is permissible because the employee is not a necessary party to a vicarious liability claim and the employee's negligence can be determined in the employee's absence. In response, Waste Connections identifies contrary authority and contends that suit against an employer is precluded because the employee has been adjudicated not negligent via a dismissal with prejudice.

[¶8.] In *Krekelberg v. City of Minneapolis*, No. CIV. 13-3562, 2018 WL 3621031 (D. Minn. July 30, 2018), a federal district court examined whether a plaintiff's liability claim against the city could proceed even though suit against the negligent employees had been dismissed. The court acknowledged that a dismissal with prejudice because of an expired statute of limitations acts as an adjudication on the merits. *Id.* at *3. The court, however, found "a meaningful distinction between a dismissal that actually confronts the merits of the agent's liability and a dismissal for some other purely procedural or tactical reason." *Id.* The court also

considered that a plaintiff need not bring suit against the employee before bringing suit against the employer based on respondeat superior. *Id.*; *accord Leow v. A & B Freight Line, Inc.*, 676 N.E.2d 1284, 1288 (Ill. 1997). Therefore, the district court "rejected the notion that an 'on-the-merits' dismissal of an agent plainly disposed of the corresponding vicarious liability claim against the principal." *Krekelberg*, 2018 WL 3621031, at *5.

[¶9.] The Iowa Supreme Court reached the same result in *Brosamle v. Mapco Gas Products, Inc.*, 427 N.W.2d 473, 475–76 (Iowa 1988). The Iowa court, however, focused on the underlying purpose of the doctrine of respondeat superior. In particular, the court observed that the doctrine is intended to hold the master liable for the servant's negligence, and "[t]he right of an injured party to sue and hold the employer liable is, in effect, a direct or primary right." *Id.* The court recognized that a dismissal of an employee with prejudice constitutes an adjudication on the merits, and "the master has no liability unless the servant is liable." *Id.* However, because an employee's negligence is not actually adjudicated and because an employee is not a necessary party, the court held that a dismissal would not summarily terminate litigation against the employer. *Id.* at 476; *Cohen v. Alliant Enters., Inc.*, 60 S.W.3d 536, 538–39 (Ky. 2001).

[¶10.] Similarly relying on principles attendant to the doctrine of respondeat superior, the Delaware Supreme Court emphasized that "the employer's liability hinges upon the employee's *culpability*—as distinguished from the employee's *liability.*" *Verrastro v. Bayhosptialists, LLC*, No. 233, CIV. 2019 WL 1510458, *3 (Del. April 8, 2019). The court further reasoned that treating a dismissal as an

adjudication on the merits is "not intended to encompass procedural dismissals that do not adjudicate the wrongfulness of the agent's conduct." *Id.* at *5. Ultimately, the court held that "in a negligence action against a principal based on the doctrine of *respondeat superior*, the dismissal of the agent on a defense personal to the agent does not automatically eliminate the principal's vicarious liability." *Id.* at *6. The court also overruled a previous case to the extent that it could be read "to eradicate otherwise timely claims against a principal because claims based on the same facts would be time-barred if made against the principal's agent[.]" *Id.* (overruling *Greco v. Univ. of Delaware*, 619 A.2d 900 (Del. 1993)).

[¶11.] Focusing particularly on the lack of an actual adjudication on the merits, the Virginia Supreme Court held that a suit against the employer may proceed even though the suit against the employee is time barred. *Hughes v. Doe*, 639 S.E.2d 302, 304 (Va. 2007). The court observed that "the crux of respondeat superior liability is a finding that the employee was negligent." *Id.* In the court's view, therefore, there must be an "affirmative finding that [the employee] was not negligent" to preclude suit, rather than a dismissal that merely terminated the plaintiff's ability to hold the employee personally liable. *Id.*; *accord Cohen*, 60 S.W.3d at 539.

[¶12.] In a similar vein, a Maryland appellate court determined "context matters." *Women First OB/GYN Assoc. LLC v. Harris*, 161 A.3d 28, 40 (Md. Ct. App. 2017). The court examined the conflicting views of other courts and found "that an 'adjudication on the merits' may not have the same meaning procedurally as it does substantively." *Id.* at 39. Rather, "[t]he dismissal with prejudice is

simply the procedural mechanism to permanently remove the agent as a defendant in the case when it was not necessary to include him as a defendant in the case to begin with." *Id.* at 46. The court also considered the lack of risk of double recovery, namely that the plaintiff received nothing of value from the dismissed employee. Ultimately, the court held that suit would not be barred against the employer unless dismissal of the employee is "given in exchange for consideration and the merits of the tort claim against the agent [has] actually been adjudicated before the dismissal[.]" *Id.* at 45.

[¶13.]    In contrast to the above authorities, other courts have held that an employer cannot be held vicariously liable unless a viable cause of action exists against the employee. In *Stephens v. Petrino*, 86 S.W.3d 836, 843 (Ark. 2002), the Supreme Court of Arkansas determined that any liability against an employer is eliminated when an employee has been released or dismissed and the employer has been sued solely on the theory of vicarious liability. A previous Arkansas case explained the basis for that conclusion, namely that suit against the employer cannot be had because a dismissal of the suit against the employee with prejudice constitutes an adjudication on the merits. *Hartford Ins. Co. v. Mullinax*, 984 S.W.2d 812, 816 (Ark. 1999).

[¶14.]    Michigan likewise precludes a suit against the employer when the suit against the employee has been dismissed with prejudice. *Al-Shimmari v. Detroit Med. Ctr.*, 731 N.W.2d 29, 37 (Mich. 2007). Although initially recognizing that "[n]othing in the nature of vicarious liability . . . requires that a judgment be rendered against the negligent agent[,]" *see id.* at 36, the Supreme Court of

Michigan ultimately concluded that "the dismissal of the claims against [the employee] prevents plaintiff from arguing the merits of the negligence claim against [the employee]" because the dismissal acts as an adjudication on the merits. *Id.* at 37. If the employee is considered not negligent, then the "[p]laintiff consequently is unable to show that [the employer is] vicariously liable for the acts of [the employee]." *Id.*; *accord Law v. Verede Valley Med. Ctr.*, 170 P.3d 701, 705 (Ariz. Dist. Ct. 2007) (holding there is no fault to impute to the employer when the suit against the employee has been dismissed with prejudice).

[¶15.]    New York's highest court also requires a valid cause of action against the employee to proceed against the employer based on respondeat superior. *Karaduman v. Newsday, Inc.*, 416 N.E.2d 557 (N.Y. 1980). In *Karaduman*, the court held that "it is manifest that there can be no vicarious liability on the part of the employer if the employee himself is not liable[.]" *Id.* Thus, if the employee's liability has been "effectively extinguished" when the statute of limitations expired, "any vicarious liability that [the employer] might have had in consequence of its employees' alleged misconduct must similarly be deemed extinguished." *Id.* at 546. *See also Buettner v. Cellular One, Inc.*, 700 So. 2d 48, 48 (Fla. Dist. Ct. App. 1997) (The court held, without elaboration, that a dismissal of the suit against an employee on an expired statute of limitations "exonerated" the employee; therefore, the plaintiffs could not proceed against the employer.).

[¶16.]    Having considered the differing views, we find more reasoned the approach that considers the context of the dismissal before precluding suit against the employer for vicarious liability. Respondeat superior "is a legal fiction designed

to bypass impecunious individual tortfeasors for the deep pocket of a vicarious tortfeasor." *Bass v. Happy Rest, Inc.*, 507 N.W.2d 317, 320 (S.D. 1993). The employer's vicarious liability "is a function of status and stems entirely from the tortious conduct of the [employee], not from any tortious conduct by the [employer.]" *Women First*, 161 A.3d at 45; *accord Kocsis v. Harrison*, 543 N.W.2d 164, 169 (Neb. 1996). Therefore, "[i]t is the negligence of the servant that is imputed to the master, not the *liability*." *Cohen,* 60 S.W.3d at 538 (emphasis added). Indeed, we have previously recognized: "[I]t is self-evident, because the master and servant are severally liable in such circumstances, that the right of plaintiff, at his option, to sue them separately would remain." *Melichar v. Frank*, 78 S.D. 58, 62, 98 N.W.2d 345, 347 (1950).

[¶17.] Nevertheless, Waste Connections claims it "cannot be independently held liable on a theory of vicarious liability" because Cameron chose to name Osler as a party and Osler was dismissed. We disagree. First, Waste Connections directs this Court to no law in support of this proposition. Second, while "the foundation of the action against the employer is still negligence," *see Verrastro*, 2019 WL 1510458, at *2, liability is imposed because the plaintiff brought suit against the employer and put on evidence that the employee committed a tort within the scope of employment, *see Women First*, 161 A.3d at 45. Therefore, contrary to Waste Connections' view, Osler's culpability can be established even though Osler has no civil liability to Cameron. *See* 2A C.J.S. Agency § 463 (June 2019 update) ("[T]he fact that an agent is able to escape liability because the statute of limitations has

run as to the agent will not necessarily insulate the principal from vicarious liability.").

[¶18.] Here, the dismissal of Osler was purely procedural and available to Osler because Cameron failed to serve him within the time limit allowed by the statute of limitations. The dismissal did not examine or determine Osler's culpability, and there has been no release of Cameron's claim or an exchange of value. Because Cameron properly initiated suit against Waste Connections prior to the expiration of the statute of limitations, the circuit court erred when it held that the dismissal of Osler terminated Cameron's suit against Waste Connections.

[¶19.] Reversed.

[¶20.] GILBERTSON, Chief Justice, and KERN, JENSEN, and SALTER, Justices, concur.