# IN THE COURT OF APPEALS OF IOWA

No. 18-1755
Filed March 18, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LORENZO ALEXANDER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Brook Jacobsen, District Associate Judge.

Lorenzo Alexander appeals his conviction after pleading guilty to domestic abuse assault, second offense. **AFFIRMED.**

Roger L. Sutton of Sutton Law Office, Charles City, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

Lorenzo Alexander pled guilty[1] to domestic abuse assault, second offense, in violation of Iowa Code section 708.2A(3)(b) (2018). He now argues the district court erred by approving the trial information and failing to require Alexander to be present at certain stages of the case. And he contends his trial counsel was ineffective in several ways. We affirm.

## I. District Court's Alleged Errors

"The entry of a guilty plea . . . is meant to be a final adjudication of the defendant's guilt." *State v. LaRue*, 619 N.W.2d 395, 397 (Iowa 2000). "It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

Alexander claims the district court "reached an untenable and unreasonable conclusion based on the inadequate facts stated in the trial information to approve the trial information." But, by pleading guilty, Alexander has waived this claim. *See State v. Kobrock*, 213 N.W.2d 481, 483 (Iowa 1973) ("Defendant by his plea of guilty has waived any challenge he might have had to the information and minutes of testimony.").

Alexander also argues "it was an abuse of discretion by the sentencing court [to accept the] plea without the presence of Alexander." "[A]lthough the defendant

---

[1] We recognize Iowa Code section 814.6 (2017) was recently amended to prohibit most appeals from guilty pleas. *See* 2019 Iowa Acts ch. 140 § 28. In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 228 (Iowa 2019). We are bound by our supreme court's holding. We conclude, therefore, the amendments "do not apply" to this case, which was pending on July 1, 2019. *See id.*

has a right to be present for all critical stages of the proceedings, the right to be present may be waived." *State v. Shadlow*, Nos. 11-2047, 11-2048, 2013 WL 263340, at *3 (Iowa Ct. App. Jan. 24, 2013). In his written guilty plea, Alexander waived his "right to be personally present in court for purposes of entering [his] guilty plea," requested immediate sentencing, "waive[d] [his] right to be present in court for purposes of sentencing," and "waive[d] [his] right to personally address the court in regards to this case as well as in regards to my sentence." *Cf. State v. Black*, No. 18-2121, 2019 WL 5063330, at *1 (Iowa Ct. App. Oct. 9, 2019) (finding "nothing in [the] record shows Black specifically waived his right to be present at sentencing"). So he waived this claim of error as well.

## II. Ineffective Assistance of Counsel

We turn next to Alexander's ineffective-assistance claims.[2] Our review is de novo. *State v. Straw*, 709 N.W.2d 126, 133 (Iowa 2006). "A claimant alleging ineffective assistance of counsel must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted." *Carroll*, 767 N.W.2d at 641. To establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Straw*, 709 N.W.2d at 138. "If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may

---

[2] We recognize section 814.7 was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31. But because this appeal was pending on July 1, 2019, we may consider Alexander's ineffective-assistance claim on direct appeal if the record is sufficient. *See Macke*, 933 N.W.2d at 228.

decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings." *Id.* at 133.

Alexander contends counsel was ineffective for (1) failing to take depositions, (2) failing to properly advise him on the effects of pleading guilty, (3) failing to explore Alexander's defenses or the likelihood of a conviction based on the evidence, (4) telling him that he really had no other option than to plea, (5) failing to challenge the factual basis, and (6) failing to challenge the voluntariness of the plea. Five of these six claims are not sufficiently developed for our review. *See State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006) ("[P]ostconviction proceedings are often necessary to discern the difference between improvident trial strategy and ineffective assistance."); *see also State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but should not outright reject it."). So we preserve them.

We are able to address Alexander's claim that counsel was ineffective in failing to challenge the factual basis for the plea. "Defense counsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment when there is no factual basis to support defendant's guilty plea." *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). "The factual basis for a guilty plea must be disclosed in the record," and the "record, as a whole, must disclose facts to satisfy the elements of the crime." *State v. Amadeo*, No. 11-1426, 2012 WL 2122262, at *1 (Iowa Ct. App. June 13, 2012) (citations omitted).

Alexander claims the record establishes only a "mutual fight," and not domestic abuse, because there were scratches "on both parties." We disagree. Under Iowa Code sections 708.2A(1) and 236.2(2)(c), domestic abuse assault occurs when there is an assault "between persons who are parents of the same minor child." Alexander consented to the district court's reliance on the minutes of evidence as a factual basis for his guilty plea. The minutes of evidence make it clear (a) Alexander assaulted the victim and caused injuries to her and (b) Alexander and the victim are parents of a minor child. So there was a factual basis for the charge of domestic abuse assault against Alexander. This is true regardless of whether "scratches resulted on both parties," as Alexander claims.

## III. Conclusion

Alexander waived all claims of error by the district court. We reject one of Alexander's ineffective-assistance claims and preserve the rest. We affirm.

**AFFIRMED.**